[No. 2192. Decided June 8, 1896.]

DANIEL B. GLASS, *Appellant,* v. J. M. COLMAN *et ux.,*
*Respondents.*

LANDLORD AND TENANT — DANGEROUS HOTEL PREMISES — INJURIES TO
GUEST OF LESSEE — ASSUMPTION OF RISK.

A landlord is not liable for injuries resulting to an occupant of a room in a building from its improper construction, where the partitioning and fitting up of the rooms in the building had been done by the tenant after the commencement of his term, with the under-

standing that the tenant had the right to remove them, and the negligence attending the making of the improvements on the building was chargeable wholly to the tenant and not to his landlord.

The fact that subsequent to the beginning of the tenancy and the making of such improvements by the tenant, the tenancy is changed to one from month to month, will not render the landlord liable for negligence in the construction of such improvements, when the tenant's right to remove the improvements at the end of his term still continues.

Where the construction of a hotel building is such as to make it dangerous for a guest to occupy a room therein, he is guilty of contributory negligence, when with knowledge of the defective construction he remains a guest; and knowledge of the defect will be imputed where the guest has occupied the hotel for such a length of time as to know, or have an opportunity to know, of the defective construction.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge.   Affirmed.

*P. C. Ellsworth, George R. McKay,* and *Relfe & McCutcheon,* for appellant.

*Struve, Allen, Hughes & McMicken,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—This appeal was from a judgment rendered in favor of the defendants upon a motion for a non-suit made at the close of plaintiff's case, and the action of the court in sustaining the motion for a non-suit and rendering the judgment must, in our opinion, be affirmed; first, for the reason that the defects in the construction of the hotel, which it is alleged were the cause of the injury to the plaintiff, were not those for which the defendants were responsible; and second, for the reason that the defects, if any, in such construction were so brought home to the knowledge of the plaintiff that in occupying a room in the hotel he accepted the risk growing out of such defect of construction.

There was no substantial controversy as to the circumstances under which the hotel was constructed, nor as to its occupancy at the time the plaintiff was injured. From such evidence it was made sufficiently to appear that at the time the building was originally leased by the respondents to one Stevens, the upper story had not been divided into rooms and fitted up as a hotel; that under the lease said Stevens had the right to fit up such upper story and occupy it for hotel purposes; that in so doing he was to provide all the material and labor necessary for the purpose and it was agreed that the material so provided should not become the property of the landlord but should remain that of the lessee, with the right at the end of the term to remove it from the building; that by mutual arrangement of all the parties interested the rights of said Stevens as lessee of the building had become vested in the one who was occupying and conducting it as a hotel at the time plaintiff was injured.

There was nothing in the evidence which tended to show that the building itself was not properly constructed, or that it was in any way unsafe for the purpose for which it was designed before the upper story thereof had been fitted up as a hotel by the lessee, in pursuance of the agreement above referred to. On the contrary it clearly appeared from the evidence that the building was so constructed as to be entirely safe at the time it was leased to Stevens. Such being the fact, the respondents, as landlords, would not be responsible to a guest of the lessee for dangers flowing from improvements which the lessee had placed upon the premises after taking possession under his lease.

There is some difference in the authorities as to the circumstances under which a landlord will be held responsible for dangers which are brought about by

the occupany of a tenant, but none of them in our opinion go to the extent of holding the landlord liable where improvements like those which were made in the fitting up of the second story of this building were put upon the place by the tenant after the commencement of his term. But it is claimed on the part of the appellant that, by reason of the fact that the occupancy of this building was by arrangement between the tenant and the landlords changed to a tenancy from month to month, there was, in legal effect, a re-letting each month, and that for that reason the landlords must be held to have leased the property when it was in the condition in which it was at the time of the injury. If it had been provided that the improvements and the materials used in making them were to become the property of the landlords at the expiration of the term, there might be force in this contention; but the fact that this material remained the property of the tenant and could be removed by him at the expiration of his term requires us to hold that if there was a new tenancy from month to month there was, in legal contemplation, a renewal of these improvements by the tenant at the commencement of each monthly term. If the tenancy ended with the end of the month so that it was necessary to have a re-letting by the landlords, it must be presumed that as between the landlords and the tenant there was, at the termination of each of such terms, an assertion by the tenant of his right to take out these improvements, and upon the commencement of the new term, of putting them in again. The continuance of the occupancy with this understanding of the right of the tenant to remove the materials must be held to have created no liability on the part of the landlords which would not have existed if the im-

provements had been taken out at the end of each term and put in again by the tenant at the commencement of the succeeding term.

Upon the question of contributory negligence: It appeared from the undisputed evidence that the plaintiff had been a guest of the hotel for such a time that he knew, or had an opportunity to know, all about the alleged defective construction which it is claimed was the cause of his injury, and, if knowing of such defects he voluntarily elected to occupy his room, he must be held to have elected to take the chances. If the construction was in fact such as to make it dangerous for a guest to occupy a room in the hotel, the plaintiff was guilty of contributory negligence when, with a knowledge of the defective construction he remained a guest of the hotel.

The question raised by the appellant as to the effect of the plea of contributory negligence upon the denials by the defendants of any negligence on their part, was decided adversely to the contention of appellant in *Pugh v. Oregon Imp. Co., ante,* p. 331, and cases therein cited.

Judgment affirmed.

SCOTT, ANDERS, DUNBAR and GORDON, JJ., concur.