[No. 10505.  Department One.  January 20, 1913.]

MAY RITTER, *Respondent,* v. CHARLES NORMAN, *Appellant.*[1]

NEGLIGENCE—DANGEROUS PREMISES—HOTELS—DARKENED STAIRWAY—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISKS. A guest in a hotel is not guilty of contributory negligence *per se* and does not assume the risks, in the mere use of a darkened stairway, made necessary because the elevator was not in commission, where there was no defect in the construction of the building, which was of modern construction, but merely a neglect on the part of the owner to use lights which had been provided.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 16, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in falling on a stairway in a hotel. Affirmed.

*Kellogg & Huntoon,* for appellant.

*John E. Humphries* and *George B. Cole,* for respondent.

[1]Reported in 129 Pac. 103.

CHADWICK, J.—Defendant was the proprietor of a hotel, and plaintiff was, on March 31, 1910, and for some time prior thereto had been, a lodger therein. Plaintiff occupied a room on the sixth floor. On the day mentioned, the elevator was out of commission, and plaintiff undertook to go from her room to the ground floor by way of the stairway leading down from floor to floor. The stairway was somewhere near the center of the building, as we suppose, not having the drawings to which the witnesses referred when upon the stand. The stairway ran at a right angle from the hall, descended a few steps to a landing, making a square turn, and then running parallel to the first flight and landing on the floor below. The testimony of the plaintiff shows that there were no windows to light these stairways, nor was there any artificial light; that the stairways and landings were dark; and in the exercise of reasonable care for her own safety, she fell on the landing which was between the fourth and third floors, and was injured. A jury has returned a verdict in her favor. From the judgment upon the verdict, defendant has appealed.

It is the contention of appellant that respondent was guilty of contributory negligence; or rather, having notice and knowledge of the darkened stairway, assumed the risk, and therefore cannot recover. Several cases, including the case of *Glass v. Colman*, 14 Wash. 635, 45 Pac. 310, are cited to sustain this argument. The discussion of the principle of contributory negligence was not necessary to the decision in that case. What is said is a broad statement of the general rule, but it does not follow that the same rule is applicable here. In the *Colman* case, the plaintiff had sought lodgings in a cheap lodging house, having board walls covered with cloth and paper. The building took fire and plaintiff was injured while escaping from it; the injury resulting from the manner of construction of which the plaintiff had notice. The court held that he could not recover, saying:

"If the construction was in fact such as to make it dangerous for a guest to occupy a room in the hotel, the plaintiff was guilty of contributory negligence when, with a knowledge of the defective construction he remained a guest of the hotel."

But that case and the others cited by appellant do not fit the case at bar. Here there is no question as to the construction of the building. It was, so far as the record goes, a building of modern type, with an elevator and stairways, and was fitted up in a way to attract the patronage of the public. It had lights in the hallways and on the stairways, which might have been lighted while the elevator was out of use. It will be seen that the injury to respondent resulted, not from any defect that was so open and obvious as to put a traveler or lodger on his guard and send him on his way, but from the failure of the appellant to use his property in such a way, and to exercise those precautions which the nature of the use of the property demanded and which he had provided to be used in just such emergencies. A guest in a hotel has a right to depend upon a stairway, and the fact that it is open and stands as an invitation at all times, and especially when the elevator, if there is one, is out of use, puts a burden upon the proprietor to use the means he has provided for the safety of his guests into operation. Nor can he complain, and charge a guest with contributory negligence or assumption of risk, merely because the necessities of his comings and goings drive him to the use of the stairway; unless indeed we are prepared to say that the mere use of a darkened way is negligence *per se*. Obviously, it cannot be so held in the absence of facts affirmatively showing carelessness on the part of the injured person. There is such a thing as reasonable care in the use of dark stairways.

The cases cited by appellant are to be distinguished. In all of them the accident would have happened to any person acting in the same way. The doorway, or shaft, or whatever the offending instrumentality was, was not intended for

the use of the party injured. Here it was so intended, and the guests of the appellant were putting the stairway to constant use. If in that use some one was injured, and the jury can say, as it has said, that the failure to provide a light was the proximate cause of the injury, the courts cannot interfere. Respondent did only what she and others were invited to do—we might say, compelled to do—while the elevator was out of repair, and she was not bound to remain in her room indefinitely waiting for the elevator. In *Marwedel v. Cook*, 154 Mass. 235, 28 N. E. 140, which is a case very similar to the one at bar, a recovery was sustained. Meeting the defense here interposed, the court said:

"The defendants contended that, if the use of the stairs was dangerous on account of the darkness, the plaintiff was not in the exercise of due care in using them. We think that, under the circumstances, this would not necessarily prevent the jury from finding that the plaintiff was in the exercise of due care. She went up in the elevator to the office on the fifth floor, where she had business, and when she had finished her business there was no way of going down except by the stairs. . . . It cannot be said, as a matter of law, that she was negligent in not going back for assistance when it became dark. That fact called for greater care, and she testified in regard to the care she used. We think it was for the jury to say whether she was negligent in going on under the circumstances, exercising the degree of care in doing so which they may have found upon the evidence that she did exercise."

But we do not have to go beyond our own decisions to find authority sustaining the principle upon which this case rests. Margaret Jordan was injured by falling into a hole in a sidewalk in the city of Seattle. The defense was that she knew of the defect, and because of her persistent use of the walk, she had assumed the risk and was guilty of contributory negligence. The court said:

"The fact that the walk was in daily use, and others passed over it without injury, and that it was left open to the public by the city, tends to show that the hole in the walk

and the walk at that place could, with ordinary care, be passed over in safety; that the danger was slight. This, we think, in connection with the evidence that the plaintiff was stepping carefully, made out a *prima facie* case overcoming the presumption arising from the knowledge of the danger. It then became the duty of the jury to pass upon the question of contributory negligence as a question of fact. We do not think the plaintiff assumed the risk and consented to the injury which followed, for she took precaution, and attempted to avoid or defeat the peril. We cannot say from the facts in this case as disclosed by the record that the plaintiff was reckless, or disregarded the dictates of ordinary prudence and discretion. Unless a court can so determine without doubt or hesitation, it is its duty to leave such questions for the jury." *Jordan v. Seattle*, 26 Wash. 61, 66 Pac. 114.

Judgment affirmed.

Crow, C. J., Gose, Parker, and Mount, JJ., concur.