[No. 11574. Department One. February 4, 1914.]

JENNIE LOWE, *Appellant*, v. P. J. O'BRIEN *et al.,*
*Respondents.*[1]

LANDLORD AND TENANT—DEFECTIVE PREMISES—PROMISE TO REPAIR —LIABILITY OF LESSOR. Where the landlord has made a promise to repair known defects in the premises, the tenant is absolved from the assumption of risks therefrom while remaining for a reasonable time awaiting performance of the promise, if not guilty of contributory negligence.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered May 29, 1913, dismissing an action for breach of covenant to repair, on granting a nonsuit. Reversed.

*Chas. D. King*, for appellant.

*Thos. M. Vance* and *Harry L. Parr*, for respondents.

CHADWICK, J.—Plaintiff brought this action to recover damages for breach of covenant to repair the premises occupied by her as a tenant of the defendants. Plaintiff was a tenant from month to month. When the tenancy began in the year 1908, the property was not in good repair. The house needed papering. Defendant P. J. O'Brien said he could not fix it up, but would keep the property in repair. The house was built on piling over the water of Budds Inlet, but nothing was said about tide flats or foundation. Defendant, from time to time, made such repairs as seemed to be demanded. He put in several piles, repaired the chimney, and fixed the

[1]Reported in 138 Pac. 295.

roof. The house was apparently insecure in the summer of 1912. Plaintiff asked defendant when he was going to fix the piling under the building, saying if defendant did not fix the house and make it safe she would have to move out. Defendant promised to have the work done soon. Defendant went east for a time. Plaintiff talked to him about repairs after he returned, and shortly thereafter the house fell into the bay. Upon this state of facts, and a showing of money damages, the trial judge entered a judgment of nonsuit.

The trial judge followed, in his judgment, the greater number of cases, and possibly what might be called the general rule, which is that a landlord who agrees to keep premises in repair and fails to do so is not liable in tort for damages to a tenant from month to month who has been a tenant for some time and has full knowledge of the facts.

Out of the conflict of authority, this court has held the contrary doctrine in the case of *Mesher v. Osborne*, 75 Wash. 439, 134 Pac. 1092, where the court referred with approval to the case of *Stillwell v. South Louisville Land Co.*, 22 Ky. Law 785, 58 S. W. 696, 52 L. R. A. 325, holding that a landlord may be liable in tort for failure to repair an open defect known to both parties, on the ground that the landlord's promise to repair absolved the tenant from an assumption of risk.

The law is exhaustively treated in that opinion, and we feel bound to follow it. If a promise was made, plaintiff would, no doubt, be warranted in remaining in the house for a reasonable time, waiting performance. Whether she remained an unreasonable time and was guilty of contributory negligence, is a question of fact which may be raised on a new trial, if the pleadings are properly amended.

In fairness to the trial judge, it should be said that the *Mesher* case had not been decided when the judgment was entered in this case.

Reversed and remanded for a new trial.

CROW, C. J., ELLIS, GOSE, and MAIN, JJ., concur.