## MORTEN INV. CO. v. JORDAN.

### No. 11093.

Court of Civil Appeals of Texas. Dallas.

Jan. 21, 1933.

Rehearing Denied March 11, 1933.

Leake, Henry, Wozencraft & Frank, and Harold H. Young, all of Dallas, for appellant.

J. L. Lipscomb and McBride, O'Donnell & Hamilton, all of Dallas, for appellee.

BOND, Justice.

Lucille Jordan, appellee, instituted this suit in a district court of Dallas county, Tex., against appellant, Morten Investment Company, a corporation, owning and operating the Jefferson Hotel in the city of Dallas, to recover damages for injuries alleged to have been sustained by her while she was a paid guest of the hotel.

We refer to the parties as they were designated in the court below.

Plaintiff alleges in her petition that, on the occasion of her injury, she was a guest of the Jefferson Hotel and sustained the injuries as the result of a fall upon and down a dark and dangerous stairway; that she was a student in a play-production school then being conducted by the University Production Company on the thirteenth floor of the hotel, and the room assigned to her by the management of the hotel was on the twelfth floor, being so assigned to her in order that she might be conveniently located to her classroom. The status of innkeeper and paid guest was established between plaintiff and defendant.

That defendant maintained, near an elevator, a stairway connecting the twelfth and thirteenth floors. The steps were slick and smooth, without any corrugation, carpets, mats, or anything to insure good footing, and that the stairway was steep and winding, without railing, banister, or grip on the right side going down to afford support to any one descending the stairway. The stairway was dark, although equipped for lighting.

That, at or about 7:45 p. m. on August 11, 1930, plaintiff intended to descend from the thirteenth floor to the twelfth floor to go to her room, and she proceeded by way of the stairway; it being more expeditious to go that way rather than to wait for the elevator. The elevator service had been bad during all of the time she had been a guest at the hotel, and it was customary for the plaintiff, as well as the other guests, to use the stairway to go to and fro from the twelfth and thirteenth

floors. It was quicker to descend by the stairway than to wait for the elevator.

As she entered the stairway, the lights from the thirteenth floor illuminated the first four or five steps thereof, and plaintiff, believing that the entire stairway was then lighted, attempted to descend. It had always been lighted after dark, but on this occasion the lights had not been turned on. The stairway was dark, except the top steps, and on account of which plaintiff could not see her footing, which was necessary to descend this stairway; it being very high pitched, slick and smooth, without corrugation, carpets, mats, railing, banister, or grip on the right side on descending.

That by reason of its unlighted condition, its steep pitch, the manner in which the steps were built, the failure to provide a handrail or banister, and the failure to provide corrugation, carpets, or mats to insure good foothold, was negligence on the part of the defendant, and proximately caused her injuries.

Defendant answered by a general demurrer and general denial and special answer, setting out that ample elevator service was provided in said building; that plaintiff well knew that said elevator service was provided and in operation; that notwithstanding the existence of such elevator service, the plaintiff voluntarily elected to descend from the thirteenth floor to the twelfth floor by way of the circular staircase, which was necessarily narrow and steep and not as desirable a way to descend as was the elevator, all of which was known or should have been known by plaintiff. That the plaintiff was well acquainted with all of the surroundings; she had used said staircase a number of times and on repeated occasions prior to her injury; that the stairway was in no respect different at the time of the alleged injury to what it was at the other times the plaintiff had used said stairway and that all of the conditions, claimed by her to have existed in connection with or surrounding the said stairway, were perfectly obvious to the plaintiff, and were well known to her or should have been fully known to her by the exercise of the slightest degree of care. That the plaintiff voluntarily assumed all of such dangers and the result thereof in descending said stairway. That the plaintiff was guilty of contributory negligence in failing to exercise the care of an ordinarily prudent person for her own safety in making use of said stairway instead of using the elevator service provided for that purpose.

Plaintiff denied defendant's allegations that the stairway was, at the time of her injury, in no respect different in its condition than it was at other times, as on previous occasions it had been lighted. She denied the assumed risk charge, pleading that she was a guest, to whom defendant owed the duty of furnishing safe premises. Also denied contributory negligence, as alleged by defendant.

Plaintiff's petition is silent as to any latent defects in the steps or stairway, or as to the manner of their construction or maintenance, except that the hallway was dark when it should have been light at the time she attempted to descend, thereby and on account of which she tripped, slipped, and fell, resulting in her injuries.

The issues were clearly joined by the pleadings and, at the close of plaintiff's testimony, defendant presented a motion for instructed verdict, which motion was overruled and the case submitted to a jury on special issues.

The jury found, in response to the special issues, that the plaintiff sustained injuries at the time and on the occasion in question; that, at such time and on such occasion, defendant failed to have the stairway lighted; that such failure was negligence, proximately causing plaintiff's injury; and found for plaintiff in the sum of $4,100. The jury further found that her injury was not an unavoidable accident, and that she did not fail to exercise ordinary care for her own safety in using the stairway in its unlighted condition; and that defendant owned and operated the Jefferson Hotel on the occasion of the injury.

At the close of plaintiff's evidence, and again at the close of the whole case, the defendant requested the trial court to direct verdict in its favor, which request was denied. It has, in due time and order, perfected an appeal and assigned error. Its proposition under the assignment is: "In a suit by a guest of a hotel against the hotel for injuries received by slipping or falling on steps with which she was familiar, she having walked up and down the steps seven or eight times a day for seven days, the plaintiff's testimony being that she slipped and fell about the fourth or fifth step, and no showing having been made that there was anything upon the steps that had not been upon them when she previously used the steps, the plaintiff is guilty of contributory negligence as a matter of law and the defendant is entitled to an instructed verdict."

■ We approach this assignment with an appreciation of the authorities of many jurisdictions, that a grave doubt exists, under facts as in this case, as to whether plaintiff is guilty of contributory negligence as a matter of law. In our own jurisdiction the courts are uniform in holding that, to make such issue a question of law, the testimony must not only be uncontradicted, but must be so conclusive that reasonable minds cannot differ as to its effect. Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963.

The substantial testimony in the instant case is that plaintiff, who lives in Lubbock, came to Dallas on August 3, 1930, to attend a play-production school, which was located on

the thirteenth floor of the Jefferson Hotel, which hotel was owned and operated by defendant. She was assigned to a room on the twelfth floor. Two elevators ran to that floor, and to the thirteenth floor, and the stairway adjoined the elevator shaft. The pitch of the stairway was steep, they were circular or winding, and the steps were wide enough for a footing on the right side going down, but tapered to a point on the left side. There was a railing or banister on the left side, but none on the right side. The circular portion of the stairway began about halfway down, the steps were slick and smooth, the stairway was provided with a light globe for lighting it at night, and that it had always been lighted by the management of the hotel ever since she had been a guest, except on the night of the injury; it was dark and she was led to descend the stairway believing it was light on account of the top steps being illuminated from the lights of the thirteenth floor. She knew the stairway was dangerous and had used them several times each day and some at night while she was a guest of the hotel, but that they had never been unlighted before the night of the injury; she knew there were elevators available, but their service was bad and it was more expeditious to use the stairway than the elevator; it was quicker. Other guests used the stairway, rather than use the elevators. Officials and clerks of the hotel frequently saw other student guests of the school use the stairs and made no objections and gave no warning not to use them. On the night of the injury, in descending the stairway, plaintiff tripped, slipped, and fell headlong down the stairway, and sustained injury. There was some evidence that on one step, about where plaintiff tripped, slipped, and fell, was a latent defect—the metal band around the edge of the step protruded above the level, or smooth portion of the step.

 The jury having settled the issues raised by the pleadings and supported by evidence, that defendant was guilty of actionable negligence and that plaintiff exercised ordinary care for her own safety, in using the stairway in its unlighted condition at the time and on the occasion in question, we cannot say, as a matter of law, that when plaintiff approached the stairway and started to descend, seeing the first few steps lighted, but continuing her journey after she started and had gone two or three steps, she was guilty of negligence per se. When she entered the stairway, she had a right to assume that the hotel keeper had performed its duty in keeping the dangerous stairway, as she termed it, in a reasonably safe condition and lighted. Unless the verdict is palpably against the weight of all the evidence, or where manifest injustice has been done, we cannot say that the court erred in refusing to give an instructed verdict.

In the case of Burnison v. Souders, 225 Mo. App. 1159, 35 S.W.(2d) 619, 624, in discussing the defense of contributory negligence, as a matter of law, the court said: "However, the fact that she knew of the defect does not convict her of contributory negligence, as a matter of law. As far as that question is concerned she could use the stairs, provided she exercised that care which a reasonably prudent person would exercise under like or similar circumstances, and it was for the jury to say, in this case, whether such care was exercised."

In the case of Ritter v. Norman, 71 Wash. 563, 129 P. 103, 104, 43 L. R. A. (N. S.) 657, it was held that a guest does not, as a matter of law, assume the risk of injury in using a dark stairway provided for the use of the guests, and the hotel guest had the right to depend on the stairway provided for her use, even though it was dark. The opinion states: "Obviously it cannot be so held in the absence of facts affirmatively showing carelessness on the part of the injured person. There is such a thing as reasonable care in the use of dark stairways."

The fact that she used the stairway, with all of its attending imperfections, conditions, and dangers, some of which she knew about and others she did not know, some were obvious and others latent, when she started to descend, instead of waiting for the elevator service, which service was bad, was a question of fact for the determination of the jury.

We now come to a serious question in this record, properly raised in the court below and presented in appellant's assignments, which we feel justifies a reversal of this case, and cause same to be remanded for a new trial.

 Defendant, in its pleading, raised the issue that plaintiff was guilty of contributory negligence in using the stairway with all of its attending circumstances and conditions, which were known to plaintiff, rather than the safe and convenient elevators provided for the hotel guests. Other than the issue of contributory negligence as a matter of law, this issue was the only one raised by the defendant. Defendant having presented to the trial court special issues covered by its pleadings and supported by the evidence, we feel that the court erred in refusing to submit to the jury the issues requested.

The issues requested by defendant and refused by the court, on which defendant assigns error, are as follows:

"(1) Did the plaintiff fail to exercise the care of a reasonably prudent person in using the circular staircase, instead of the elevator, to go from the thirteenth floor to the twelfth floor of the Jefferson Hotel under the circumstances and conditions as they existed at the staircase just prior to and at the time of the plaintiff's alleged injury?

"(2) Did the failure of the plaintiff to exercise the care of a reasonably prudent person in the use of the circular staircase, instead of the elevator, to descend from the thirteenth to the twelfth floor proximately contribute to the occurrence of her injury?"

The jury, in answer to these questions, had they been submitted, could have reasonably found from the evidence that the plaintiff failed to exercise the care of a reasonably prudent person, in using the circular stairway instead of the elevators, under the circumstances and conditions of the stairway. What were the circumstances and conditions of the stairway of which the plaintiff knew at the time she attempted to descend same? The evidence shows that plaintiff knew that the stairway was dangerous, that it was steep and circular, and without banisters, and that the steps were slick and smooth, without corrugation, rugs, or mats; she knew these conditions at the time she tripped, slipped, and fell, and these conditions, coupled with the fact that it was unlighted, and had latent defects, of which she was not aware at the time she started to descend, might have caused the jury to determine, if they had been permitted to answer the questions, that plaintiff was guilty of negligence in using the stairway, instead of the elevators, and that such use caused or contributed to the cause of her injury.

The court only submitted the issue of plaintiff's contributory negligence in using the stairway in its unlighted condition. Its use in an unlighted condition is not all of the contributory causes pleaded by defendant and raised by the evidence. It had a right to have plaintiff's use of the stairway at the time of the injury with all of the conditions surrounding it, instead of using the elevators, submitted to the jury as being contributory negligence. The jury could have found plaintiff guilty of negligence in using the stairway in all of its dangerous conditions, instead of the elevators. The defendant had the right to have his defense determined by a jury verdict. The jury, in answer to questions, answered only that the plaintiff was not guilty of negligence in using the stairway in an unlighted condition. The unlighted condition of the stairway was an evidentiary circumstance for a jury to determine whether the plaintiff was guilty of negligence in using the stairway, and the unlighted condition, together with all of the other evidentiary facts of the surroundings and conditions of the stairway, would be for the jury to determine whether plaintiff was guilty of negligence in using the stairway instead of the elevator.

In the case of M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, 1059, and reaffirmed by our Supreme Court in the case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, in discussing the rights of defendant to have its defense of contributory negligence submitted on acts alleged and proven, the court said: "Defendants had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which, if true, would in law establish such plea. * * * This rule does not permit a litigant to annoy the court or confuse the jury by special charges upon the weight of, or giving prominence to, each circumstance introduced tending to support his cause of action or defense, but requires him, at his peril, to present in such special charge, for the consideration of the jury, a fact or group of facts which, if found by them, from the evidence, to be true, establishes, in law, some material issue presented by the pleading."

There are other assignments of error which we have considered in our conclusion of this appeal, but as they will likely not occur on another trial, same are overruled. For the error in the court below, in failing to give plaintiff's special issues above requested, this cause is reversed and remanded.

Reversed and remanded.

LOONEY, Justice (dissenting on rehearing).

In view of the pleadings and proof, not necessary to be stated here, actionable negligence, whether or not, on the part of defendant, was in its failure to have the staircase properly lighted on the occasion in question, the issue being narrowed, and submitted by the court to the jury, as follows: "Special Issue No. 2: Do you find from a preponderance of the evidence that at the time and on the occasion in question the defendant failed to have the stairway in question lighted?" (Followed by' the complementary issues as to whether such failure was negligence and a proximate cause.)

The question of plaintiff's contributory negligence, whether or not, was narrowed and submitted as follows: "Special Issue No. 7: Do you find from a preponderance of the evidence that plaintiff, at the time and on the occasion in question, failed to exercise ordinary care for her own safety in using the stairway in its unlighted condition?" (Followed by the complementary issue as to whether such failure, if it existed, proximately caused or contributed to plaintiff's injury.)

These issues were answered by the jury in favor of plaintiff, and I think the findings comprehended all dependent, incidental, and evidentiary matters, including the facts involved in the issue, the refusal of which, in the opinion of the majority, constituted reversible error. The requested and refused issue reads: "Did the plaintiff fail to exercise the care of a reasonably prudent person in using the circular staircase instead of the elevator to go from the thirteenth floor to the twelfth floor of the Jefferson Hotel, under the circumstances and conditions as they existed

at the staircase just prior to and at the time of the plaintiff's alleged injury?" (This was followed by the complementary issue as to whether the use by plaintiff of the staircase, instead of the elevator, proximately contributed to her injury.)

Whether or not plaintiff was negligent in using the stairway instead of the elevator was, in my opinion, one of the evidentiary issues incident to the question submitted, that is, whether she was guilty, under all the circumstances, of attempting to use the staircase in its unlighted condition, and the jury having acquitted plaintiff of contributory negligence, in this respect, I do not think it can be logically contended that she was guilty of negligence, defeating her cause, by preferring and using the stairway rather than the elevator service. Not being guilty of contributory negligence, in using the stairway, as the jury found she was not, negligence, defeating her right to recover, could not be implied, because she probably failed to choose the safer route. If the issue requested had been submitted and found for defendant, such an answer, in view of the other findings, could only mean that in the opinion of the jury, the elevator furnished a safer passage, and not that plaintiff was guilty of negligence, defeating her cause, by using the stairway rather than the elevator.

For these reasons, I think the court erred in reversing and remanding the cause; therefore, I am of opinion that appellee's motion for rehearing should have been granted, that the judgment of this court reversing and remanding the cause should have been set aside, and that the judgment of the trial court should have been affirmed.