JOHN DODAK, *Appellant,* v. JOHN G. LEWIS *et al.,*
*Respondents.*

ALBERT MACKEY, *Appellant,* v. JOHN G. LEWIS *et al.,*
*Respondents.*[1]

*W. J. Murphy, A. P. Wilson,* and *A. Emerson Cross,*
for appellants.

*L. B. Donley,* for respondents.

BEALS, J.—During the month of March, 1935, the
defendants Lewis, by an instrument in writing, leased
to Washington Emergency Relief Administration the
second floor of a building in Aberdeen, to be used by
lessee in connection with its "transient and homeless
men's division." A few weeks after the delivery of
possession under the lease, the plaintiffs, John Dodak
and Albert Mackey, called at the lessee's office, asking
some measure of relief, and were told to carry some
wood up the rear outside stairway of the building.

[1]Reported in 59 P. (2d) 1121.

While plaintiffs were proceeding up the stairway, it collapsed, throwing plaintiffs to the ground.

Each plaintiff instituted an action against defendants, as lessors of the building, seeking recovery of damages on account of the injuries which they received as the result of the accident. The actions were consolidated and were tried to the court sitting without a jury. The trial court concluded that defendants were, as matter of law, not liable for plaintiffs' injuries, and entered judgments dismissing the actions, from which appeals have been prosecuted. The two appeals have been consolidated for hearing before this court and will be considered together.

The lease contained, *inter alia*, the following provisions:

"The Lessor shall, unless herein specified to the contrary, maintain the said premises in good repair and tenantable condition during the continuance of this lease, except in case of damage arising from the act or the negligence of the Washington Emergency Relief Administration's agents or employees. For the purpose of so maintaining the premises, the Lessor reserves the right at reasonable times to enter and inspect the premises and to make any necessary repairs to the building."

The questions here presented are largely questions of law, there being little dispute as to the facts, and there is no question but what appellants suffered injuries from the fall.

It is admitted that respondents knew the purpose for which the demised premises would be used, and we are satisfied that the stairway was in poor condition at the time of the execution of the lease. The building was old, and the stairs doubtless needed repair. Appellants were not familiar with the building, and knew no more of the stairway or its condition than was apparent to one casually using the same.

▇ Appellants argue that the demised premises were put to a public use, and that, under such circumstances, the landlord should be held liable to one injured because of any defect in the premises, even without a covenant on the part of the landlord to repair. Appellants also argue that the stairway constituted a nuisance, and that, for this reason, appellants, who were lawfully on the premises, are entitled to recover damages on account of the injuries suffered.

Appellants also argue that, in cases where a lease contains an express covenant to maintain the premises in repair, the landlord is liable to one injured because of defects of which the landlord should have known, or which an inspection would have disclosed. Appellants in this connection cite the cases of *Mesher v. Osborne,* 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917; *Lowe v. O'Brien,* 77 Wash. 677, 138 Pac. 295; *McCourtie v. Bayton,* 159 Wash. 418, 294 Pac. 238. Appellants also rely upon the case of *Johnson v. Dye,* 131 Wash. 637, 230 Pac. 625, in which a landlord was held liable to his tenant for injuries suffered by the latter, due to a latent defect, of which the landlord should have known and concerning which the tenant had no information. In the case last cited, it also appeared that the landlord had promised to repair the steps which were defective.

This court has laid down the doctrine that, in the absence of an express contract to the contrary, a tenant takes the leased premises as he finds them, that there is no implied warranty by the landlord as to the condition thereof, and that the maxim *caveat emptor* applies. In the recent case of *Miller v. Vance Lumber Co.,* 167 Wash. 348, 9 P. (2d) 351, this court applied the doctrine referred to, and distinguished

the case of *Johnson v. Dye, supra,* and other cases in which the landlord had been held liable.

In the case at bar, respondents, as above stated, agreed to maintain the premises in repair, but made no covenant as to the condition of the premises at the time of delivery of possession thereof under the lease. It appears from the record that some repairs to other parts of the building were requested by the tenant and made by the landlord. It does not appear that respondents knew that the stairway was defective, neither does it appear that respondents had been requested to make any repairs in connection therewith. It does appear that the defective condition of the stairway was known to the tenant.

Examination of the record convinces us that this case clearly falls within the rule laid down by this court in the case of *Miller v. Vance Lumber Co., supra,* and the judgments appealed from are accordingly affirmed.

MILLARD, C. J., BLAKE, MAIN, and HOLCOMB, JJ., concur.