ALBERT LEMIEUX *vs.* DORIA J. LATAILLE *et ux.*
MILLICENT LEMIEUX *vs.* SAME.

JULY 20, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. These two actions of trespass on the case for negligence were tried together in the superior court and, after verdicts for the plaintiffs, were brought to this court by defendants' bills of exceptions. Each bill contains identical exceptions as follows: First, to the overruling of defendants' demurrer to the declaration; and second, to the denial of their motion for a directed verdict.

The plaintiffs are husband and wife. The wife's action is for injuries alleged to have been caused by defendants' negligence. The husband's action is for expenses incurred by him in the treatment of her injuries. Since, under the exceptions being prosecuted, his case is dependent upon his wife's case we shall hereinafter for convenience discuss the points raised as though only her case were before us.

We are of the opinion that the trial justice did not err in overruling the demurrer to the declaration. The declaration alleges substantially that the defendants were innkeepers and as such did keep an inn at 30 Ascension street in

the city of Woonsocket, known as the Hillside Hotel, for the accommodation of guests for hire; that they received plaintiff as a guest on or about July 2, 1947 and assigned her a room on the third floor which she thereupon entered and occupied; that as a necessary part of such accommodations for guests on that floor toilet facilities were provided on a landing between the second and third floors; that it was the duty of defendants to keep the hallways and stairways leading thereto properly lighted and in a safe condition for the proper use of guests on the third floor; that on July 2, 1947 about 8:55 p.m. defendants not regarding such duty permitted the hallway and stairway leading to the second floor to remain unlighted; that plaintiff sought to use said stairway in order to avail herself of said toilet accommodations; and that as a result of seeking to use such unlighted stairway and while in the exercise of due care she was severely injured.

Defendants demurred to the declaration on the grounds that they were under no duty to plaintiff as therein alleged; that it was not their duty to keep hallways and stairways lighted; and that the declaration does not set forth a cause of action in trespass on the case for negligence. In support of their exception to the overruling of such demurrer defendants contend that at common law there is no duty incumbent upon them as innkeepers to light the hallways and stairways of their hotel, and for authority for such contention they rely upon *Capen* v. *Hall,* 21 R. I. 364, and *Rietzel* v. *Cary,* 66 R. I. 418.

Neither case is in point on the facts of the instant case which the demurrer admits. Here we have the relation of innkeeper and guest and not landlord and tenant or proprietor and invitee. In the *Capen* case the defendants were the owners of a business block in the city of Providence and the plaintiff was an invitee of a tenant thereof. She was injured when she tripped and fell because of insufficient light in the hallways and stairways. This court sustained a demurrer to the declaration on the ground that, in the

absence of a structural defect therein in the nature of a trap or pitfall, such owner owed no duty to an invitee to light his premises. The court rested its opinion on established principles of the law governing the relation of landlord and tenant.

In the *Rietzel* case the defendant was the owner of an apartment house in which artificial lights in hallways and stairways were automatically shut off at 12:30 a.m. in accordance with an understanding or agreement between the owner and his tenants. The plaintiff who was the invitee of a tenant fell down an unlighted stairway after 12:30 a.m. and was injured. The declaration alleged that defendant was negligent in not lighting such stairway and also because of the peculiar construction of the stairway which was alleged to be dangerous unless artificially lighted. The sufficiency of the declaration was not questioned in that case, but after a decision on the merits in favor of the plaintiffs defendant excepted thereto on the ground that the decision was against the law. We followed the law laid down in the *Capen* case and held that defendant as a landlord was under no duty to his tenant or the invitee to light the stairway except as agreed to between them.

In the case at bar we are concerned with the relation of innkeeper and guest and not with that of landlord and tenant. An innkeeper is under a duty to keep his inn reasonably safe for his guests. 32 C.J. Innkeepers §70, 562, 43 C.J.S. §22. His guests are, in a sense, under his protection while properly under his roof enjoying the accommodations provided for them. As a part of his duty to them generally, he must in particular "exercise ordinary or reasonable care to keep the hallways, passageways and stairways reasonably well lighted and free of obstructions or hazards." 43 C.J.S. Innkeepers §22, 1179. The following are a few of a great number of cases which have recognized the above-mentioned rule in actions against hotel keepers for personal injuries suffered by guests by reason of falling in unlighted hallways or stairways. *Criswell* v.

*Bankers Mortgage Co.,* 128 Kan. 609; *Williams* v. *Mayer,* La. App., 4 So.2d 71; *Ritter* v. *Norman,* 71 Wash. 563; *Morten Investment Co.* v. *Jordan,* Texas Civ. App., 57 S.W. 2d 887; *Stein* v. *Buckingham Realty Co.,* Mo. App., 60 S.W. 2d 712; *Burgauer* v. *McClellan,* 205 Ky. 51; *Fort Dodge Hotel Co.* v. *Bartelt,* 119 F.2d 253.

The declaration in the instant case properly states a cause of action based upon the established principles of the common law regulating the conduct of innkeepers toward their guests. Irrespective of the statute, general laws 1938, chapter 357, §13, as amended, which plaintiff did not plead but relied upon in argument, the declaration clearly alleges the common-law duty and a breach of it. And it further alleges that such breach was the proximate cause of her fall and injury, she being in the exercise of due care. Defendants' demurrer to the declaration was, therefore, properly overruled by the trial justice.

After all the evidence was in, defendants renewed in substance the contentions which they had made in support of their demurrer and moved for a directed verdict in their favor on such grounds and also on the ground that on no reasonable view of the evidence could the jury find that plaintiff was free from contributory negligence. Under their exception to the denial of their motion for a directed verdict defendants have briefed and argued those two points. The first point we find to be without merit for the reasons given above in overruling their exception to the trial justice's ruling on their demurrer, and also because we think it is clear from the evidence that there was, in the circumstances, a reasonable basis upon which the jury could find that the defendants were guilty of negligence and that such negligence was the proximate cause of the plaintiff's injuries.

The undisputed evidence showed that on July 2, 1947 at 8:55 p.m. plaintiff had to leave her room on the third floor of the hotel to use the toilet facilities provided for guests on that floor at the foot of a stairway on a lower level. Her

room was about eight feet from the head of those stairs. As she entered the hallway it was in darkness except for a little light that came through the door of her room which she had left six or eight inches ajar. When she reached the top of the stairway it was in darkness. In proceeding down the stairs she reached for the banister rail but in the darkness missed it and fell down the stairs to the floor below. It further appears from the evidence that there was no way of turning on the light in the hallway except from a switch in the defendants' office on the first floor and that the switch was under their sole control. It also appears that the hallway and stairway were regularly lighted by them but on the night in question they had forgotten to throw the switch when darkness came on.

Based on those facts defendants argue their second point that the plaintiff was guilty of contributory negligence as a matter of law in trying to walk down the stairs in the darkness. They seek to buttress their argument with two other facts in evidence, namely, that plaintiff wore double vision glasses but was without them at the time of the accident, and also that she could have lighted the hallway and stairs by leaving the door to her room opened wider.

Neither of those facts is of any help to the defendants on the precise question posed by their motion for a directed verdict. They may be of some consequence in the ultimate determination by the jury of the issue of contributory negligence as a question of fact but they are of no consequence to the court in determining whether on the evidence plaintiff was guilty of negligence as a matter of law.

After carefully considering all the evidence we are of the opinion that the trial justice did not err in denying defendants' motion for a directed verdict. He properly left to the jury the question of contributory negligence. Contributory negligence is rarely a question of law. *Floyd* v. *Turgeon*, 68 R. I. 218. Only in situations where the standard of duty is fixed or the negligence is clearly defined and palpable is it a question of law for the court. Where,

on the contrary, different minds, after fairly considering the facts whether disputed or not, might draw different inferences it is a question for the jury. *Clarke* v. *Rhode Island Electric Lighting Co.,* 16 R. I. 463; *Pucciarelli* v. *United Electric Rys.,* 64 R. I. 269. We think that the conduct of the plaintiff in the case at bar in proceeding to walk down the unlighted stairway, considering the circumstances of her necessity for so doing and her inability to light the stairway herself or have it lighted, there being no telephone in her room through which she could call defendants on the first floor, falls in the second category. Whether she was negligent in not leaving the door of her room wide open and whether if it were open it would have lighted the stairway sufficiently were clearly questions for the jury to determine and not for the court to declare as a matter of law.

While there are cases to the effect that a guest who walks at night through a darkened hallway or down an unlighted stairway and is injured is guilty of negligence *per se,* as for example *Baker* v. *Butterworth,* 119 Va. 402, and *Cook* v. *McGillicuddy,* 106 Me. 119, we are not disposed to accept them as authority, at least in the special circumstances of the instant case. We think the better view is that expressed in *Ritter* v. *Norman,* 71 Wash. 563, 565, where the plaintiff was injured while walking down a darkened stairway from the fourth to the third floor of a hotel to make use of toilet facilities provided for guests on the lower floor. The court said that a hotel keeper could not "charge a guest with contributory negligence or assumption of risk, merely because the necessities of his comings and goings drive him to the use of the stairway; unless indeed we are prepared to say that the mere use of a darkened way is negligence *per se.* Obviously, it cannot be so held in the absence of facts affirmatively showing carelessness on the part of the injured person. There is such a thing as reasonable care in the use of dark stairways."

On this precise question *Marwedel* v. *Cook,* 154 Mass.

235, is also directly in point. In that case plaintiff was injured while using a darkened stairway. She had entered the building in the daylight and was carried by the elevator to the office where she had occasion to go. When she was ready to depart it was dark and the elevator was not running. She tried to descend by the darkened stairway and was injured. Defendant contended that she was guilty of negligence *per se*, but the court held otherwise saying: "It cannot be said, as matter of law, that she was negligent in not going back for assistance when it became dark. That fact called for greater care, and she testified in regard to the care she used."

In the case brought by Millicent Lemieux the defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

In the case brought by Albert Lemieux the defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*Walter H. Sharkey,* for plaintiffs.
*Francis V. Reynolds, Joseph V. Cavanagh,* for defendants.