[No. 37263.    Department Two.    February 25, 1965.]

ANDY W. TEGLO, *Appellant*, v. ROBERT PORTER *et al.*,
*Respondents*.*

*Greive & Law*, by *R. R. Bob Greive*, for appellant.

*Lycette, Diamond & Sylvester*, and *George W. Wilkins*,
for respondents.

HAMILTON, J.—Plaintiff fell through the floor of his orally
rented premises and was injured. He sued defendants, his

*Reported in 399 P. (2d) 519.

landlords, in tort, alleging negligent failure to comply with an oral agreement to repair and maintain the premises in a safe condition. Defendants denied any covenant of repair or maintenance and negligence, and affirmatively alleged contributory negligence on the part of plaintiff. The issue of liability was tried separately and submitted to a jury. The jury returned a verdict favorable to defendants. The trial court denied plaintiff's motion for new trial and entered a judgment of dismissal. Plaintiff appeals.

On appeal, plaintiff essentially contends his theory of the case was not properly submitted to the jury. In support of this contention, plaintiff assigns error to the giving of a portion of one instruction and to the failure to give two proposed instructions.

The core of plaintiff's claim of tort liability is his allegation and contention that prior to or at commencement of the tenancy, and as a condition thereof, defendants orally agreed to repair and maintain the premises in a safe condition. Without such a covenant, plaintiff tacitly concedes that, under the circumstances presented, his claim fails. Plaintiff presented substantial evidence which, if believed by the jury, would support a finding of such a covenant. In addition, the evidence adduced would support findings to the effect that (a) the floor collapsed under plaintiff because of weakness due to termites or rot; (b) defendants, during the tenancy, had timely notice, through plaintiff, of a substantial weakness in the floor, and agreed to remedy the same; (c) repair of the floor would have revealed the cause of the weakness; and (d) defendants failed to repair the floor within a reasonable time after notice of its condition.

It is the general rule, as between landlord and tenant, that, absent agreement to the contrary or a fraudulent concealment of obscure defects, the maxim caveat emptor applies, and the tenant takes the demised premises as he finds them. There is no implied warranty or covenant on the landlord's part that the premises are safe or fit for the purpose intended. *Hughes v. Chehalis School Dist.*, 61 Wn. (2d) 222, 377 P. (2d) 642 (1963); *Flannery v. Nelson*,

59 Wn. (2d) 120, 366 P. (2d) 329 (1961); *Bidlake v. Youell, Inc.*, 51 Wn. (2d) 59, 315 P. (2d) 644 (1957); *Conradi v. Arnold*, 34 Wn. (2d) 730, 209 P. (2d) 491 (1949); *Howard v. Washington Water Power Co.*, 75 Wash. 255, 134 Pac. 927 (1913).

To this general rule certain modifications have developed. See Prosser on Torts (3d ed.) § 63, p. 411, *et seq.*; 39 Wash. L. Rev. 352, *et seq.*

The particular modification, upon which plaintiff relies in the instant case, is to the effect that where there is a covenant or agreement entered into, contemporaneously with commencement of the tenancy, whereby the landlord is to keep and maintain the premises in repair and the landlord acquires knowledge or notice of a condition, existing either before or arising during the tenancy, rendering the premises unsafe, and the tenant, a member of his family, or a guest, suffer personal injury therefrom, after a reasonable time for making the premises safe has elapsed from the time of the landlord's notice, then the landlord is liable in tort for the injuries sustained, absent contributory negligence. *Mesher v. Osborne*, 75 Wash. 439, 134 Pac. 1092 (1913); *Lowe v. O'Brien*, 77 Wash. 677, 138 Pac. 295 (1914); *Fletcher v. Sunel*, 19 Wn. (2d) 596, 143 P. (2d) 538 (1943); Restatement, Torts § 357; Prosser on Torts (3d ed.) § 63, pp. 421, 422, 423.

Restatement, Torts § 357 Comment a explains and justifies the modification as follows:

"The lessor's duty to repair in so far as its breach subjects him to liability for bodily harm caused to the lessee and those upon the land in his right, is not contractual but is a tort duty based on the fact that the contract gives the lessor ability to make the repairs and control over them. The lessor is not liable for bodily harm caused even to his lessee by his failure to make the premises absolutely safe. He is liable only if his failure to do so is due to a lack of reasonable care exercised to that end. . . . Since the duty arises out of the existence of the contract to repair, the contract defines the extent of the duty. Unless the contract stipulates that the lessor shall inspect the premises to ascertain the need of repairs, a contract to keep the interior in safe condition subjects the lessor to liability if,

but only if, reasonable care is not exercised after the lessee has given him notice of the need of repairs."

The trial court correctly recognized plaintiff's theory and the sufficiency of the evidence, if believed, to support a finding of negligence. In submitting the issue of liability to the jury, the trial court adopted and gave instruction No. 9 as proposed by defendants. Instruction No. 9 is a formula instruction, and purports to set out all of the elements (four in number) which plaintiff must establish to prevail. Plaintiff, in his exception to instruction No. 9 and on appeal, does not quarrel with the giving of a formula instruction. In fact, he proposed a similar instruction. Neither does plaintiff contend that instruction No. 9 fails to set forth, or otherwise refer to, essential elements. See *Donner v. Donner*, 46 Wn. (2d) 130, 278 P. (2d) 780 (1955); *See v. Willett*, 61 Wn. (2d) 681, 379 P. (2d) 915 (1963). Rather, plaintiff contends that the instruction, to his prejudice, incorrectly sets forth one of the elements.

We are constrained to agree with plaintiff.

The introductory paragraph of instruction No. 9 and the first element set forth read:

"You are instructed that even where a landlord, as a part of the agreement of rental of premises, made before or when the tenancy is initiated, agrees to put and keep the rented premises in repair, and in the absence of concealment or fraud on the part of the landlord, it is still necessary, in order for the tenant to recover for injury or damage to his person or property resulting from some defective or dangerous condition in the premises, to establish by a fair preponderance of the evidence all of the following:

"(1) That prior to the tenant taking possession, the landlord expressly agreed to keep the premises in repair, it was clearly within the contemplation of the parties that the repairs which the landlord agreed to make were not merely repairs to be made for the convenience of use or appearance of the premises, but were repairs required for the safety of the tenant and that the landlord would be liable for injuries or damage due to unsafe conditions which he failed to repair; . . . ."

■ The statement of element No. 1 is, at best, ambiguous, and embraces abstract elements which need not be expressly incorporated into the requisite convenant of repair before tort liability may arise from a negligent breach thereof. It must be remembered that the covenant or agreement for repair and maintenance may be oral or in writing, and may vary in mode of expression and terminology, depending upon the situation and circumstances surrounding the particular negotiations. In whatever form, it need not contain a formal acceptance of liability for damages by the landlord, or a disclaimer of responsibility by the tenant. Neither are the parties required to spell out in their agreement that the purpose of the agreement is to insure the safety of the tenant rather than his convenience. It is sufficient if, from the language used, it can be found that the parties by agreement, at or prior to inception of the tenancy and as a condition thereof, understood and intended that the obligation for repair and maintenance of the premises in a reasonably safe condition for the intended use rested primarily upon and within the control of the landlord rather than the tenant. Restatement, Torts § 357 Comment a, *supra.*

The portion of the instruction referred to did not fairly apprise the jury of plaintiff's theory. Under the evidence in the case it was, in fact, tantamount to a directed verdict for defendants. Plaintiff is entitled to a new trial.

Plaintiff further assigns error to the trial court's refusal to give his proposed instructions Nos. 4 and 5. We cannot commend either instruction as a model exposition of the rule of law sought to be covered, and we find no reversible error in the trial court's failure to give the proposed instructions as submitted. However, we do pause to point out that if, upon retrial, instructions Nos. 7 (No. 6 in the transcript) and 8, as given, and a formula instruction in the nature of instruction No. 9 are resubmitted to the jury, plaintiff would be entitled to an appropriate and correct instruction bearing upon the issue of the patency or latency of the condition of the subflooring or floor joists involved,

insofar as such bears upon the defendants' duty under the alleged agreement to repair and maintain. See *Johnson v. Dye*, 131 Wash. 637, 230 Pac. 625 (1924) and *Estep v. Security Sav. & Loan Soc.*, 192 Wash. 432, 73 P. (2d) 740 (1937). Otherwise, defendant's theory of nonliability and plaintiff's burden with respect thereto is overemphasized. The obligation of preparing and presenting a proper instruction, of course, rests upon plaintiff.

The judgment of dismissal is reversed and the cause is remanded for new trial. Costs will abide the result of the new trial.

FINLEY, WEAVER, and OTT, JJ., and BARNETT, J. Pro Tem., concur.