[No. 24052. Department Two. November 30, 1932.]

AILEEN COLVIN, *Respondent,* v. S. J. SIMONSON *et al.,*
*Appellants.*[1]

[1]Reported in 16 P. (2d) 839.

342

*Grady & Velikanje, Stanley P. Velikanje,* and *LaBerge, Cheney & Hutcheson,* for appellants.

*Richards, Gilbert & Conklin,* for respondent.

HERMAN, J.—Plaintiff was in an automobile collision, occurring June 3, 1931, in Yakima county, Washington. She was injured in the wreck, and sued defendants. The jury returned a verdict for plaintiff, and judgment was entered thereon. From that judgment in favor of the plaintiff, defendants have appealed.

Appellants make a number of assignments of error, the first of which is that the trial court erred in not granting their motion for judgment notwithstanding the verdict. The briefs in this case indicate that counsel for the respective parties have substantially different conceptions of the nature and effect of the testimony. However, an examination of the record indicates there was sufficient evidence to warrant a jury in bringing in a verdict, predicated upon the theory that the following facts were established:

West Chestnut street, or Orchard drive, as it is sometimes called (and as, for the sake of clarity, it will hereinafter be referred to), leads into the city of Yakima from the west. It is a paved highway about twenty-four feet in width. Twenty-third avenue, a little used and but slightly improved road, enters Orchard drive from the north, but does not cross that highway. Starting from Orchard drive in that im-

mediate vicinity and leading south is Arthur avenue. The arrangement of these roads is such that the east boundary of Twenty-third avenue is about in line with the west side of Arthur avenue.

There was an understanding between respondent and her parents that she was to keep all her earnings and take care of her own upkeep. She carried out her agreement, and made her home with her parents. At the time of the accident, she was less than twenty-one years of age, but was an adult when this suit was instituted. There was a showing that it was a habit of respondent and her father to use the car in which she was injured to take her brother to school, and then to take respondent and her father to work.

The morning of the accident, A. G. Colvin, respondent's father, was driving respondent and his son, Kenneth, to Yakima. He was taking his son to school and his daughter to her work. His car was proceeding east at the rate of twelve or fifteen miles per hour, when he entered the intersection above described ahead of appllants' car, going south, which was being driven by Mrs. Simonson. There was nothing to prevent the driver of either automobile from seeing the other. Testimony showed that appellant Mrs. Simonson intended to drive from Twenty-third street across Orchard drive in a southeasterly direction, thereby traveling on an angle across the intersection into Arthur avenue, where she had her residence. Although admitting it was possible to see a car on Orchard drive as she approached the intersection, she testified she did not remember looking to see if a car were approaching. Appellants' car entered the intersection at an angle and to the rear of the car in which respondent was riding.

When respondent's father, Mr. Colvin, realized that, if appellants' car continued on its course at the speed

it was traveling, it would strike his automobile, he sounded his horn and speeded up in an effort to avoid a collision. Appellants' car continued on its course, and with its bumper and front fender struck the left rear fender of the Colvin car. The shove from appellants' car, coupled with the speeding up on the part of Mr. Colvin in his attempt to avoid a collision, gave the Colvin car a considerable momentum. At the time of the impact, the Colvin car was on the extreme right-hand side of the pavement, and, as a result of the collision, its right rear wheel hit the east curb which rounded from Orchard drive into Arthur avenue. The wheel was crushed, and the car tipped over on its side. When the bumper on appellants' car caught the rear fender of the Colvin car, the door post on the latter was wrenched so that the right door came open. When the car tipped over, the occupants were spilled out, and Aileen Colvin, the respondent, was caught under the car. She was severely injured.

Appellants offer two reasons why, in their opinion, their motion for judgment notwithstanding the verdict should have been granted. The first is that the driver of the car in which respondent was riding, and, as they contend, with whom she was a joint adventurer, was guilty of contributory negligence which, by reason of her relationship with the driver as joint adventurer, should be imputed to respondent. In our opinion, the record is lacking in evidence upon which to predicate a finding that there was a relationship of joint adventurers between respondent and her father. Mere evidence that a passenger is in the habit of making certain trips at regular intervals is, in itself, insufficient upon which to predicate the existence of a joint venture.

In the course of its opinion in *Rosenstrom v. North Bend Stage Line,* 154 Wash. 57, 280 Pac. 932, the court

made apt comment pertinent to joint ventures. In that decision it said:

"There are, however, certain general principles connected with the relation which have received recognition. The relation, as a legal concept cognizable by the courts, must have its origin in contract.

"There must be an agreement to enter into an undertaking in the objects or purposes of which the parties to the agreement have a community of interest and a common purpose in its performance. Necessarily, the agreement presupposes that each of the parties has an equal right to a voice in the manner of its performance, and an equal right of control over the agencies used in its performance."

Appellant claims, as the second reason why their motion for judgment notwithstanding the verdict should have been granted, that there is no evidence that the negligence of appellants was the proximate cause of the accident, and that respondent's theory of how the accident happened is "so contrary to the physical facts as to constitute a physical impossibility that it occurred by reason of any act of negligence on the part of appellants." While it is true the testimony was in conflict, it is likewise certain that there was sufficient evidence to justify a jury in believing the accident occurred in the manner hereinbefore set forth. If it did so happen, the jury were warranted in finding a verdict for respondent. Appellants' motion for judgment notwithstanding the verdict of the jury was properly denied.

Appellants' second assignment of error is predicted upon the refusal of the court to give, at their request, an instruction based upon the doctrine of last clear chance. The doctrine of last clear chance, like the doctrine of temporary forgetfulness, is a subdivision of contributory negligence and is always so treated. Both recognize that situations may exist

which will excuse contributory negligence on the part of a plaintiff. The cases of *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302, and *Zettler v. Seattle,* 153 Wash. 179, 279 Pac. 570, formulate the conditions under which instructions predicated upon the doctrine of the last clear chance are properly given.

While the doctrine of last clear chance is available to one seeking to recover, it is not to be used as a defense by a defendant. Moreover, the requested instruction was based on the theory that the negligence of Mr. Colvin could be imputed to his daughter, the respondent. In view of our holding, as a matter of law, that there was no joint venture, it was not error to refuse to give the proposed instruction.

The third assignment of error is that the trial court erred in refusing to give the following proposed instruction:

"If you believe from the evidence in this case that the father of plaintiff had and maintained an automobile and one of the purposes for which it was kept and maintained was to transport himself and the plaintiff to and from their places of employment and that there existed an agreement or understanding between them, either express or implied, that such automobile would be used for such purpose, and in the carrying out of such agreement or understanding the driving of the automobile was entrusted to Mr. Colvin, and at the time of the happening of the accident in question they were carrying out such understanding, then they were on a joint venture and any negligence on the part of Mr. Colvin, which directly or proximately contributed to the injuries which the plaintiff sustained would be imputed to her and she cannot recover from the defendants."

This proposed instruction was properly refused. The court, in *Rosenstrom v. North Bend Stage Line, supra,* called attention to the elements necessary to

constitute a joint venture, and the proposed instruction does not take into account all of those essentials.

The fourth error assigned by appellants is the failure on the part of the trial court to give the instruction proposed by appellants on the duty of a person riding in an automobile, driven by another, to exercise reasonable care to see and observe any conditions in traffic which might endanger his own safety and to warn the driver thereof whenever such danger becomes apparent. The court covered the subject matter of the proposed instruction by giving instruction No. 11, which is here set forth:

"You are instructed that every person is charged with the duty to exercise reasonable care for his own protection and this rule applies as well to one riding in an automobile driven by another. So it is the duty of one riding with another, if such one knows, or in the exercise of reasonable care should know, of an approaching danger and at such time as that one could reasonably warn the driver of such approaching danger, to warn the driver thereof. However, if the situation arises so unexpectedly that the discovery of the danger and the accident itself were necessarily almost instantaneously and simultaneous, then the one riding with another cannot be charged with the duty of warning against such danger. If, therefore, you find by a fair preponderance of the evidence that the plaintiff was negligent in that she failed to do that which an ordinarily careful and prudent person would have done to protect herself under the circumstances as you find them to have existed, and that such negligence on her part was the proximate cause of her injuries, if any, then the plaintiff is not entitled to recover in this action."

The foregoing is a correct statement of the law, and it was not error to refuse to give the instruction appellants proposed in its stead.

Assignment of error No. 5 is that the court erred in permitting the jury to speculate on certain items

of damages. No good purpose will be served by unnecessarily extending this opinion in order to call attention to those portions of the record which set forth the evidence that justified the trial court in permitting the consideration by the jury of the items of damages referred to in this particular assignment of error. Suffice it to say, the record shows ample evidence to justify the trial court in permitting the jury to consider the injuries covered by those items of damages. The trial court committed no error in this respect.

Appellants' final assignment is: "Error in not granting a new trial, (a) because of insufficiency of the evidence to sustain the verdict, (b) because of excessive damages; or in the alternative in not making a substantial reduction in the award."

Our discussion of the testimony in connection with appellants' claim that the court should have granted their motion for judgment notwithstanding the verdict, is here referred to. The superior court properly refused to grant a motion for a new trial because of the insufficiency of the evidence to justify the verdict.

By reason of appellants' claim that the verdict was excessive, we will here call attention to injuries which, according to some of the testimony, were received by respondent as a result of the wreck. There was evidence to show that the femur of the left leg was fractured in the upper third of the shaft; that, at the time of the trial, the injured leg was one and one-half inches less in diameter than the right leg; that there was a tilting of her pelvis caused by a shortening of the left leg, which resulted in a curvature of the spine. She suffered from a deep hole in her hip, which resulted in a painful keloid scar; she received wounds about her head; the injury to her leg left her with a limp that will probably be permanent. The injured

femur has been badly bowed. There is a stiffening of her knee. She has six or seven scars on the injured leg. Her jaw was injured, requiring the extraction of two teeth and the necessity for other dental work. Testimony showing the method of treatment indicates respondent suffered great pain and inconvenience over a long period of time. The verdict was for $16,472.30.

We cannot say that the amount of the verdict is such as to warrant us in finding that it was caused by passion or prejudice. There being evidence upon which to base the verdict and nothing to indicate that it is the result of passion or prejudice, the verdict will not be interfered with by this court. There is nothing in the record to show the trial court was guilty of an abuse of discretion when it refused to reduce the verdict.

Judgment affirmed.

TOLMAN, C. J., BEALS, MAIN, and STEINERT, JJ., concur.