[No. 34389. Department Two. May 1, 1958.]

JAMES M. TAYLOR, *Appellant*, v. DOUGLAS J. STIMSON *et al.*, *Respondents.*[1]

*John L. Vogel,* for appellant.

*Leo A. Anderson* and *Carl P. Zapp,* for respondents.

HILL, C. J.—The issue presented is whether a tenant has made a *prima facie* case against his landlord in an action for

[1] Reported in 324 P. (2d) 1070.

personal injuries and property damage, occasioned by the breaking of a large store-front, plate glass window. The trial court granted a motion to dismiss at the conclusion of the plaintiff's evidence, and entered an order of dismissal. The plaintiff appeals. We shall hereafter refer to the parties as the tenant and the landlord.

The tenant paid two hundred dollars to the agent of the landlord on November 26, 1955, as rent for the month of December, 1955. This was for additional store space, which the tenant, a florist, needed for the Christmas season. He took possession immediately after paying the rent and before the 1st of December.

The dangerous condition of the window (the glass was detached from its frame at one of the top corners and left an opening of approximately three inches) was discovered by an employee of the tenant when he started to wash the window, and was reported to an agent of the landlord by the tenant.

There is likewise no dispute that an agent of the landlord, some time around December the 1st or 2nd, promised to have the condition repaired; whatever the date, it was after the lease was entered into, the rent paid, and possession taken.

A glass company was requested by the landlord's agent to do whatever was required, but on December the 6th, before anything was done, a strong wind blew the glass out with resulting damage to the property of the tenant and injury to his person, which occurred while he was endeavoring to minimize the property damage.

The tenant concedes that the general rule is that a landlord is not responsible for injuries to a tenant from defects which are actually known to the tenant. He urges, however, that he comes within certain exceptions to the general rule, and that he established a *prima facie* case (1) for breach of contract, and (2) in tort.

We do not agree with either contention, and conclude that the trial court was right in dismissing the action.

The plaintiff fails on his contract theory, because

there was no covenant to keep in repair, and no evidence of any agreement to make the specific repairs involving the window prior to or at the time the lease was made. The discovery of the dangerous condition of the window did not occur until after the lease was made and the tenant had gone into possession. (This circumstance distinguishes *Johnson v. Dye* (1924), 131 Wash. 637, 230 Pac. 625, on which the tenant relies.)

It follows that there was no contractual obligation on the landlord to make the repairs; that the tenant took the premises as he found them, and there was no implied warranty by the landlord that they were safe or fit for the purpose for which they were rented. *Miller v. Vance Lbr. Co.* (1932), 167 Wash. 348, 9 P. (2d) 351. (In the case of *Stoops v. Carlisle-Pennell Lbr. Co.* (1923), 127 Wash. 82, 219 Pac. 876, also relied on by the tenant, this court declined to pass on the issue of whether such a gratuitous promise to make repairs could give rise to liability against the landlord, but we thereafter met that issue squarely in *Miller v. Vance Lbr. Co., supra.*)

■ Nor is this a case where a tenant threatens to terminate a lease unless certain repairs are made and remains in possession because of a promise to repair.

There is no evidence of any consideration for the landlord's promise to have the necessary repairs made to the window, and no liability attached by reason of his failure so to do. *Miller v. Vance Lbr. Co., supra.*

As indicated in the *Miller* case, the landlord is at liberty to repudiate, or to perform, such a promise. If he elected to perform it, then he would be liable for the manner of performance. Here, it is clear, we are concerned with a delay to perform a promise for which there was no consideration, and we are not concerned with any negligence or want of care in the manner of performance.

The plaintiff fails also on his tort theory.

■ There could be tort liability on the part of the landlord for a defect in the premises only if it was known, or should have been known, to the landlord, and not known to

the tenant at the time the tenancy agreement was entered into. In *Miller v. Vance Lbr. Co.*, *supra*, we quoted the following language from *Mesher v. Osborne* (1913), 75 Wash. 439, 447, 134 Pac. 1092, 48 L. R. A. (N.S.) 917,

"To the general rule of the landlord's nonliability for injury from defects, there is the well recognized exception that, even in the absence of warranty or express agreement by the landlord to repair, he is liable to the tenant or the tenant's guest as for a tort, where, with actual knowledge of obscure defects or dangers at the time of the letting, he lets the premises without disclosing such defects to a tenant who does not know, and by the exercise of reasonable care would not discover, them. The duty to disclose such latent defects and dangers when actually known to the landlord exists without regard to any covenant or lack of covenant to repair. But in the absence of such covenant, there is no duty of inspection on the landlord's part to discover latent and unknown defects."

There is no evidence in this case that the landlord had any knowledge that the window was in a dangerous condition until it was called to the attention of his agent by the tenant; and, as indicated in the foregoing quotation, in the absence of a covenant to repair there was no duty of inspection on the landlord's part to discover latent and unknown defects.

The plaintiff has endeavored to bring himself within the ambit of the cases which relieve a tenant, during a reasonable period of time for the making of repairs by the landlord, from the defense of assumption of risk. Assumption of risk by the tenant does not become an issue until a duty to repair on the part of the landlord is established. The trial court concluded, and we agree, that no such duty was established.

The judgment of dismissal is affirmed.

DONWORTH, WEAVER, ROSELLINI, and FOSTER, JJ., concur.