[No. 35639. Department One. June 8, 1961.]

FRED L. REYNOLDS, *Respondent,* v. EMIL H. KUHL *et al.,*
*Appellants.**

*Lee Olwell* and *Edgar E. Neal,* for appellants.

*Armstrong & Crane* by *Lewis S. Armstrong,* for respondent.

WEAVER, J.—This is an action for damages arising from an automobile collision occurring at an intersection.

*Reported in 362 P. (2d) 589.

The Kent-Des Moines road, a two-lane arterial, extends east and west. Marine View Drive extends north and south and intersects the arterial at a "relatively square intersection." The stop sign on Marine View Drive is located some distance back from the intersection and on the south side of it.

Plaintiff, having entered the Kent-Des Moines road—about one hundred feet west of the intersection—was proceeding in second gear in an easterly direction at approximately twenty miles an hour.

Eva J. Kuhl (to whom we shall refer as though she were the sole defendant-appellant) was proceeding north on Marine View Drive. Defendant did not stop at the intersection.

Defendant admitted the specific acts of negligence alleged in plaintiff's complaint, denied that her negligence was the proximate cause of the collision, and alleged, as an affirmative defense,

" . . . that plaintiff, prior to the collision of the two automobiles, had knowledge of the imminence of the collision between the said automobiles and a sufficient time to appreciate the peril of defendant Eva J. Kuhl from which she was unable to extricate herself; that plaintiff had sufficient time to avoid the collision between the two automobiles and had the last clear chance to accomplish the same; that plaintiff failed to take any steps to avoid said collision."

The pretrial deposition of each party having been taken by opposing counsel, the court, upon plaintiff's motion, entered summary judgment against defendant on the issue of liability alone, pursuant to Rule of Pleading, Practice and Procedure 56(c); RCW, Vol. 0. A jury, in a subsequent trial, fixed the amount of plaintiff's damages.

Defendant appeals, claiming the court erred when it entered summary judgment on the issue of liability and when it refused to grant a new trial because of excessive damages.

We do not deem it necessary to resolve plaintiff's contention that the doctrine of last clear chance is not avail-

able to a defendant as an affirmative defense.[1] We believe the affirmative defense, quoted *supra* and liberally construed, presents the issues of contributory negligence and proximate cause.

 Defendant's responsibility was clear. The statute (RCW 46.60.170) requires that she stop at the entrance of the intersection with the arterial highway, and, having stopped, look out for and give right of way to any vehicle upon the arterial highway that is simultaneously approaching a given point within the intersection.

In *Fazio v. Eglitis*, 54 Wn. (2d) 699, 704, 344 P. (2d) 521 (1959), this court said:

"One who approaches an arterial highway is required to stop and look *from a position* where he can see approaching traffic. . . ." (Italics ours.)

 Plaintiff, on the other hand, was not without his responsibilities. Recently, this court said:

"While the appellant was a favored driver, he was not thereby immunized from his own negligence. *A favored driver may assume a disfavored driver will yield the right of way.* But this does not justify recklessness by the favored driver. All drivers, including those having the right of way, must exercise ordinary care. Excessive speed, failure to keep a lookout, or failure to stop or to reduce his speed when danger should have been recognized may constitute negligence of the favored driver." *Robison v. Simard*, 57 Wn. (2d) 850, 851, 360 P. (2d) 153 (1961). (Italics ours.)

 One who moves for summary judgment has the burden of proving that there is no genuine issue of fact, irrespective of whether he or his opponent would, at the trial, have the burden of proof on the issue concerned. *Preston v. Duncan,* 55 Wn. (2d) 678, 682, 349 P. (2d) 605 (1960).

In defendant's deposition, offered in support of plaintiff's motion for summary judgment, she only admits that

---

[1]See *Colvine v. Simonson*, 170 Wash. 341, 16 P. (2d) 839 (1932); *Singleton v. Woodard*, 33 Wn. (2d) 764, 206 P. (2d) 1034 (1949); V. Woerner, Ann. "Availability of last clear chance doctrine to defendant." 32 A. L. R. (2d) 543 (1953).

she did not stop before entering the arterial and that the collision occurred.

Plaintiff stated in his deposition, considered by the trial court at the same time, that he saw defendant's car when it was approximately two hundred feet from the stop sign and that he saw the defendant drive past the stop sign without stopping. At one time, plaintiff stated:

*"So I didn't bother to look at her any more.* I was bothered about this guy coming down toward me. Just as he passed me I looked over and Mrs. Kuhl was right on us. I told Mommy, 'Duck, she is going to hit us.' So my wife ducked and we hit her." (Italics ours.)

At another time, plaintiff stated:

"I looked up and saw the car, you know, out of the corner of my eye. I didn't look, no. But I saw this guy coming and I see the car—*I see her car all of the time.*" (Italics ours.)

■ Whether we determine that different inferences may be drawn from the admitted facts, or whether we determine that defendant's affirmative defense of contributory negligence was not negatived by plaintiff in support of his motion for summary judgment, we reach the same conclusion: the questions of contributory negligence and proximate cause, under the facts of this case, can be resolved only by proof and determined only by the trier of the facts —not by a motion for summary judgment.

In view of our conclusion, we do not reach the question of excessive damages.

The judgment is reversed, and the case remanded for a new trial. Costs shall abide the final determination of the cause. Rule on Appeal 55 (b) (1), effective January 2, 1961, RCW, Vol. 0.

HILL, ROSELLINI, and FOSTER, JJ., concur.

FINLEY, C. J., concurs in the result.