[No. 36361. Department Two. January 10, 1963.]

CHARLES W. HUGHES *et al.*, *Appellants*, v. CHEHALIS SCHOOL DISTRICT NO. 302, *Respondent.**

*Reported in 377 P. (2d) 642.

*J. A. Vander Stoep* (of *Hull, Armstrong & Vander Stoep*) and *Robert C. Wells* (of *McCutcheon, Soderland & Wells*), for appellants.

*O'Leary, Meyer & O'Leary*, by *Ernest L. Meyer*, for respondent.

OTT, J.—October 14, 1959, the Sacajawea Chapter of the Orthopedic Guild conducted its annual style show in the high school of Chehalis School District No. 302. The members of the guild acted as models, ushers, and prepared and served refreshments to those attending the show.

Myrtle L. Hughes had been a member of the guild for approximately ten years, and had, on previous occasions, assisted in this guild activity at the high school. While performing kitchen duties, she was injured when she slipped and fell, due to a lower elevation in the kitchen floor near the coffee maker. Her claim for damages resulting from the fall was rejected by the school district. She and her husband commenced this action against the Chehalis School District to recover judgment for her injuries.

For convenience, Myrtle L. Hughes will be referred to as though she were the sole plaintiff, the Sacajawea Chapter of the Orthopedic Guild as the guild, and Chehalis School District No. 302 as the school district.

Plaintiff's complaint alleged, *inter alia*, that she was an invitee of the school district, and that her fall was caused by a dangerous and defective condition of the floor, which "condition was, or in the exercise of reasonable care, should have been known to defendant." The answer alleged, *inter alia*, that the particular part of the school district premises where plaintiff was injured had been rented by the guild, and that plaintiff was an invitee of the guild while she was on the premises.

Several discovery depositions and affidavits were presented to the court. The school district moved for summary judgment of dismissal. The court granted the motion. From the judgment of dismissal, plaintiff has appealed.

Appellant asserts that "The single question on this appeal is whether any genuine issue of material fact exists."

In *Jolly v. Fossum*, 59 Wn. (2d) 20, 365 P. (2d) 780 (1961), we stated that the purpose of a summary judgment is to avoid a useless trial, but that a trial is necessary where there is disputed evidence relating to a material fact. The function of the court, in ruling upon a motion for summary judgment, is not to resolve such factual issues, but, rather, to determine whether a genuine issue as to any material fact exists. The burden is upon the moving party to establish the absence of a genuine issue as to a material fact. See *Bates v. Bowles White & Co.*, 56 Wn. (2d) 374, 353 P. (2d) 663 (1960); *Preston v. Duncan*, 55 Wn. (2d) 678, 349 P. (2d) 605 (1960).

Our review of the record discloses that the undisputed facts are as follows: The guild paid $10 or $15 to the school district for the use of a particular part of the premises, including the kitchen. The appellant, a member of the guild, was on the premises of the respondent for the sole purpose of participating in the guild activities. At the time of the accident, she was preparing refreshments in the kitchen for the patrons of the guild's style show. The school district's kitchen, as constructed in 1951, included a coffee maker which was installed in a tiled, recessed area 3 or 4 inches deep, at the bottom of which was a floor drain. Appellant was injured when she stepped on the edge of the recessed area and fell to the floor.

The relationship of landlord and tenant is established where the owner of the premises permits another to take possession thereof for a determinate period of time. *Sanders v. General Petroleum Corp.*, 171 Wash. 250, 17 P. (2d) 890 (1933); *McCourtie v. Bayton*, 159 Wash. 418, 294 Pac. 238 (1930); *McLennan v. Grant*, 8 Wash. 603, 36 Pac. 682 (1894). The evidence established a landlord and tenant relationship between the guild and the school district. When

this relationship is shown to exist, we are committed to the rule announced in 32 Am. Jur., Landlord and Tenant § 654, p. 515, as follows:

" . . . A lessee takes the hired premises, in the absence of warranty, fraud, or misrepresentation, in the condition and quality in which they are. The tenant takes the property as he finds it, with all existing defects which he knows or can ascertain by reasonable inspection. He takes the risk of apparent defects. As between himself and his landlord, where there is no fraud or false representation or deceit, and in the absence of an express warranty or covenant to repair, there is no implied contract that the premises are suitable or fit for occupation, or for the particular use intended, or that they are safe for use. Any implied contract relates only to the estate, and not to the condition, of the property. In other words, in the absence of fraud or concealment on the part of the landlord, a rule similar to that of caveat emptor applies and throws upon the lessee the responsibility of examining as to the existence of defects in the premises and of providing against their ill effects. . . . "

Accord, *Bidlake v. Youell, Inc.*, 51 Wn. (2d) 59, 315 P. (2d) 644 (1957); *Conradi v. Arnold*, 34 Wn. (2d) 730, 209 P. (2d) 491 (1949); *Peterson v. Betts*, 24 Wn. (2d) 376, 165 P. (2d) 95 (1946), and cases cited.

The recessed area was constructed as a part of the school kitchen in 1951 to meet the needs and purposes of the school district. There was no structural defect in either design or material. The kitchen, as it existed, had been previously leased by the guild for its annual style show. It was these premises, in the structural condition in which the guild knew them to be, that it desired to use and did lease for its style show purposes. There was no fraud or conceal-ment on the part of the school district relative to this known structural condition, which was not latent or concealed, but entirely open. We have held that the "rule similar to that of caveat emptor" applies to the physical structure of the premises leased, even though a part of the structure may present a deceptive condition. *Peterson v. Betts, supra; Hogan v. Metropolitan Bldg. Co.*, 120 Wash. 82, 206 Pac. 959 (1922).

■ Appellant insists that the school district had a duty to warn the tenant of the deceptive condition of the recessed area. We do not agree. We are aware of the exception to the rule of nonliability of the landlord, when there is an issue as to a latent defect. *Flannery v. Nelson*, 59 Wn. (2d) 120, 366 P. (2d) 329 (1961); *Taylor v. Stimson*, 52 Wn. (2d) 278, 324 P. (2d) 1070 (1958); *Peterson v. Betts, supra.* However, where, as here, there was no defect in the leased premises, there was no duty to warn.

Appellant asserts that there was a genuine issue as to whether the recessed area in the floor created a deceptive or dangerous condition, in the light of her impaired vision which prevented her from seeing the recessed area because of the similarity of the tile at both elevations.

■ We agree that there was a dispute in the evidence relating to the deceptiveness of the recessed area, and that the court determined the disputed issue of fact. However, the alleged deceptive nature of the recessed area was not a material fact. In *Hogan v. Metropolitan Bldg. Co.,* 120 Wash. 82, 84, 206 Pac. 959 (1922), we said:

"Concerning the liability of the owner, it is to be noticed that the plaintiff entered the premises under the right of occupancy and by the solicitation or invitation of the tenant. In such case, the owner owes no greater duty to such third person than he does to the tenant himself. [Citing cases.] *And even if it be conceded there was a defective or dangerous condition in the entrance way,* the tenant himself, had he been injured, could not have recovered from the owner, under the rule in this state, because there was no obscure or latent defect or danger in the place, and the owner was under no obligations to uphold the premises but delivered them into the entire control of the tenant. . . ." (Italics ours.)

The court properly ruled, as a matter of law, "That the defendant is not liable for the injuries sustained by the plaintiffs and owed plaintiffs no greater duty than it owed the lessee, namely the Orthopedic Guild."

The judgment is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.