[No. 36293. Department One. April 25, 1963.]

JOHN A. GAINES, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY *et al.*, *Respondents.*[*]

[*] Reported in 380 P. (2d) 863.

*Brethorst, Fowler, Bateman, Reed & McClure* and *J. Edwin Thonn,* for appellant.

*Dean H. Eastman* and *Robert J. Allerdice,* for respondents.

WEAVER, J.—This is an action for damages occasioned by a collision between a truck driven by plaintiff and defendant's train at a railroad crossing.[1]

Plaintiff drove his truck with semitrailer easterly on U. S. Highway 10. Highway 10 intersects State Highway 2-1 (known locally as Faust Road), approximately 2 miles west of Ellensburg. For several miles west, defendant's railroad tracks parallel Highway 10, approximately 150 feet to the south.

Plaintiff testified in his pretrial deposition that he turned south on the Faust Road; that he was traveling about 15 miles per hour when he was struck by a train approaching from the west at 50 miles per hour; that he could have stopped his truck within a distance of 5 feet.

Plaintiff alleged that defendant was negligent in the following respects:

"1. In negligently failing to sound a whistle, or bell, or other signal as its train approached said grade crossing as is required by law.

"2. In wilfully and wantonly failing to sound a whistle, bell or other signal as plaintiff's truck approached said crossing when defendant's agents had a clear view of said truck, and saw said truck, and thereby had a clear chance to avoid the collision which the plaintiff thereafter was unable to avoid.

"3. In wilfully and wantonly failing to decrease the speed of or stop defendant's train when to do so would have avoided the accident.

"4. In wilfully and wantonly and with reckless disregard for the safety of the traveling public, failing to install signals, gates or other devices at this crossing when the

---

[1]The engineer of the train and his wife were also named as parties defendant; however, for simplicity, we refer to the railroad as the sole defendant.

defendant had knowledge that such intersection constituted a menace and a hazard and a trap for persons rightly traveling upon the public highway."

Further, plaintiff alleged:

". . . That the Faust Road runs in a southeasterly and northwesterly direction at the point at which it crosses U. S. Highway 10 and defendant railroad's track; thereby creating an acute angle in the northwest corner of the grade crossing. That there was at all times mentioned herein, no signal, or other device, at this grade crossing to indicate the approach of defendant's trains.

". . .

". . . That plaintiff . . . looked east and west along defendant's track, but was unable to see defendant's train approaching from the west because the acute angle previously mentioned placed the plaintiff's trailer in such a position that it obscured his view of said train. That plaintiff, having ascertained to the best of his ability that no trains were approaching this crossing, and having received no warning of such an approach, proceeded across the defendant's track."

Defendant denied negligence, including its alleged failure to sound the horn, bell, or whistle as the train approached the crossing; it specifically denied that the intersection of the Faust Road and the railroad tracks "creates an acute angle in the northwest corner of the grade crossing."

Further, defendant alleged affirmatively that plaintiff's contributory negligence was the proximate cause of the collision. It cross-complained for damages to its locomotive.

In support of its motion for summary judgment defendant presented the pretrial discovery depositions of plaintiff and of its engineer, fireman, and brakeman. Photographs of the railroad crossing were introduced by affidavit of defendant's claim agent.

Plaintiff countered the motion for summary judgment by affidavits of four witnesses who were near the intersection at the time of the accident. They stated that they did not hear a train whistle prior to the collision. Plaintiff alleged, by affidavit, that defendant's photographs did

" . . . not fairly represent the scene of the accident as they tend to distort and conceal the fact that the Faust Road intersects the Northern Pacific Railway track at a sharp angle; that the angle of the Faust Road at this grade crossing makes it very difficult for the driver of a truck approaching these tracks from the north to see along the tracks in a westerly direction."

Plaintiff appeals from an order dismissing his action with prejudice[2] entered after the court granted defendant's motion for summary judgment.

■ At the threshold we are confronted with the basic principle that it is error to grant a summary judgment unless " . . . there is no genuine issue as to any material fact . . . " Rule of Pleading, Practice and Procedure 56(c), RCW Vol. 0. We have plowed this field many times. *American Universal Ins. Co. v. Ranson,* 59 Wn. (2d) 811, 370 P. (2d) 867 (1962); *Jolly v. Fossum,* 59 Wn. (2d) 20, 365 P. (2d) 780 (1961); *Wheeler v. Ronald Sewer Dist.,* 58 Wn. (2d) 444, 364 P. (2d) 30 (1961); *Reynolds v. Kuhl,* 58 Wn. (2d) 313, 362 P. (2d) 589 (1961), and cases cited.

Defendant's motion for summary judgment was made " . . . on the issue of the contributory negligence of the plaintiff." There is nothing in the record to indicate that the summary judgment was granted for any other reason.

■ Contributory negligence is an affirmative defense; the burden of proving it is upon the one claiming the benefit of the doctrine. *Hughey v. Winthrop Motor Co.,* 61 Wn. (2d) 227, 377 P. (2d) 640 (1963). There are certain affirmative defenses which, as a general proposition, lend themselves to categorical proof; for example, the statute of limitations and res judicata. In such cases the summary judgment procedure is unusually effective, for, being in the nature of a "speaking demurrer," the lack of a genuine issue of fact in the affirmative defense can be established without cavil by pretrial procedures.

■ Tort actions involving contributory negligence, however, present a different face. Usually, negligence and contributory negligence cannot be separated with scalpellic

---

[2]Defendant had voluntarily dismissed its cross complaint.

precision. In *Farrow v. Ostrom*, 10 Wn. (2d) 666, 117 P. (2d) 963 (1941), the court said:

" . . . The questions of negligence and contributory negligence are usually so intimately related that the latter cannot be determined without reference to the former. *Hines v. Chicago, M. & St. P. R. Co.*, 105 Wash. 178, 177 Pac. 795. There is no more justification for the court to hold a plaintiff guilty of contributory negligence as a matter of law than there is to hold a defendant guilty of negligence as a matter of law. *Richmond v. Tacoma Railway & Power Co.*, 67 Wash. 444, 122 Pac. 351. . . ."

Inherent in either or both negligence and contributory negligence is the question of proximate cause—a jury question unless it can be said that the minds of reasonable men cannot differ.

Defendant's brakeman, who was riding in the cab of the engine at the time of the collision, testified that he saw plaintiff's truck turn off Highway 10. At that time the train was "probably 500 feet" from the grade crossing.

The bare bones of the record before us present a genuine issue of fact—whether the train whistle was blown. We believe it is also material, for, at this point, we must view the facts, and all reasonable inferences therefrom, in the light most favorable to plaintiff, the nonmovant party. *Wood v. Seattle*, 57 Wn. (2d) 469, 358 P. (2d) 140 (1960).

A jury might find the train whistle had not been blown, and conclude that, had it been blown, plaintiff could have avoided the accident, since he testified he could have stopped his truck within 5 feet. This is clearly a decision to be made by the jury, not by the trial court upon motion for summary judgment.

In addition, plaintiff is entitled to have his actions, claimed by defendant to constitute contributory negligence, considered in the light of established physical facts. The affidavits and photographs in the present record disclose a conflict as to the nature of the angle at which Faust Road crosses defendant's tracks. This can be resolved only by the trier of the fact.

The judgment of dismissal is reversed and the summary judgment set aside. The case is remanded for further pro-

ceedings. In doing this, however, we intimate no view on the merits.

Costs on appeal shall abide the final disposition of the case. Rule on Appeal 55 (b) (1); RCW Vol. 0.

It is so ordered.

HILL, FINLEY, and ROSELLINI, JJ., concur.

* Reported in 380 P. (2d) 870.