[No. 36716.   Department Two.   July 3, 1963.]

THE STATE OF WASHINGTON, *on the Relation of Robert H. Bond, Respondent*, v. THE STATE OF WASHINGTON *et al., Appellants.*\*

\* Reported in 383 P. (2d) 288.

*The Attorney General, R. Ted Bottiger* and *Richard C. Nelson, Assistants,* for appellants.

*Corbett, Siderius & Lonergan,* for respondent.

STAFFORD, J.†—Relator, Robert H. Bond, was discharged from his employment with the state of Washington, February 28, 1957. November 19, 1959, he sought reinstatement by means of an alternative writ of mandate. He also demanded reimbursement for salary alleged to have been lost during the period of separation. The state interposed an affirmative defense of laches.

For reasons that are unimportant here, the issue now before the court was delayed until relator moved for a summary judgment.[1] July 9, 1962, the trial court rejected the affirmative defense and granted the summary judgment. It directed that Mr. Bond be reinstated as safety inspector in the safety division of the Department of Labor and Industries. The judgment also allowed recovery of damages in the sum of $16,044.58, together with accrued vacation time, sick leave, and other incidental benefits. The state of Washington has appealed.

The purpose of a summary judgment is to avoid a useless trial. It permits the trial court to cut through formal allegations and grant relief when it appears from uncontroverted facts, set forth in affidavits, depositions, admissions on file or in the pleadings, that there are no genuine issues as to any material fact. *Preston v. Duncan,* 55 Wn. (2d) 678, 349 P. (2d) 605 (1960). However, whenever there is a genuine issue as to any material fact a trial is necessary. *Hughes v. Chehalis School Dist. No. 302,* 61 Wn. (2d) 222, 377 P. (2d) 642 (1963); *Jolly v. Fossum,* 59 Wn. (2d) 20, 365 P. (2d) 780 (1961); 3 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 1236, p. 157 *et seq.*

A review of the interrogatories, affidavits and pleadings reveals the following undisputed facts: In 1949, Mr. Bond was hired by the Department of Labor and Industries of

_____

†Judge Stafford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1] Rule of Pleading, Practice and Procedure 56, RCW Vol. 0.

the state of Washington. He faithfully discharged his duties as safety inspector until February 25, 1957. On that date, the acting director of the department notified him that his services would be terminated February 28, 1957. No reason for the action accompanied his notice. February 28th, relator's employment was terminated.

At the time of his dismissal, relator was an honorably discharged war veteran entitled to the benefits of RCW 73.16.010[2] and RCW 73.16.015.[3] March 11, 1957, his position was filled by a person who was not an honorably discharged veteran of any United States war. The tactics of the acting director were in direct violation of RCW 73.16.010.

Mr. Bond made oral protest to his immediate superior, the supervisor of safety, both prior to and within a few days after his dismissal. In so doing, he stated that he was a veteran and entitled to be retained. He objected to the wrongful discharge and the violation of his rights as a veteran. He also requested the supervisor of safety to have him reinstated.

As of January 20, 1960, Mr. Bond's replacement had earned $14,327.94, exclusive of employer contributions to the State Employees' Retirement System and Old Age and Survivors' Insurance.

November 19, 1959, Mr. Bond instituted the mandamus action now before the court. It was filed in time to comply with the 3-year statute of limitations applicable in such cases. *State ex rel. Bond v. State*, 59 Wn. (2d) 493, 368 P. (2d) 676 (1962). However, the state affirmatively alleged that relator's cause of action was barred by laches.[4]

---

[2]RCW 73.16.010: "In every public department . . . honorably discharged . . . veterans of any war of the United States . . . shall be preferred for appointment and employment. . . ."

[3]RCW 73.16.015: "Any veteran entitled to the benefits of RCW 73.16-.010 may enforce his rights hereunder by civil action in the courts."

[4]"That relator's cause of action is barred by laches, in that relator delayed for approximately two (2) years and ten (10) months in making a demand for or asserting any rights pursuant to the veteran's preference statute, i.e., RCW 73.16.010 and RCW 73.16.015; that during this time the Department of Labor and Industries and the State of Washington replaced the relator by another employee; and paid such employee approximately $15,000.00 in salary, and granted other benefits."

■■ Relator's motion for summary judgment must be considered within the framework of the state's affirmative defense as well as the affidavits, admissions and answers to interrogatories.[5] The trial court must consider the material facts and all reasonable inferences therefrom in the light most favorable to the nonmovant party. If, after being so considered, reasonable men might reach different conclusions, the motion must be denied because a genuine issue as to a material fact is presented. *Gaines v. Northern Pac. R. Co., ante* p. 45, 380 P. (2d) 863 (1963); *Wood v. Seattle,* 57 Wn. (2d) 469, 358 P. (2d) 140 (1960).

■ It matters not whether the moving party or his opponent would, at a trial on the merits, have the burden of proof on the issue concerned. In seeking a summary judgment, the moving party always has the burden of proving, by uncontroverted facts, that no genuine issue as to any material fact exists. *Preston v. Duncan, supra; Jolly v. Fossum, supra; Hughes v. Chehalis School Dist. No. 302, supra; Jorgensen v. Massart,* 61 Wn. (2d) 491, 378 P. (2d) 941 (1963).

Thus, even though in a trial on the merits the state would have the burden of proving its affirmative defense of laches, the reverse is true on relator's motion for summary judgment. Where the issue of laches has been properly raised, relator must establish that there is no laches or reasonable inference thereof to be drawn from the undisputed facts.[6]

---

[5] 3 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 1236, p. 157 *et seq.*

[6] 6 Moore's Federal Practice (2d ed.) § 56.15, p. 2128, explains the rule in this manner: " . . . Assume, for example, that the movant is the defendant who is attacking the merits of plaintiff's claim. . . . On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts."

The same type of problem was discussed in *Plank v. Schifter,* 85 F.

■ The uncontroverted facts support a reasonable inference that relator did absolutely nothing to assert his claim for approximately 2 years and 9 months subsequent to his original complaints to the safety supervisor.[7] The undisputed facts sustain a reasonable inference that Mr. Bond made no protest or complaint after his successor was appointed and took office, March 11, 1957. There is the further inference that during the time in question, relator permitted the state to pay his successor a large salary without protest.

As previously indicated, appellant does not have the burden of proving the affirmative defense of laches. Relator must establish that there is no laches or reasonable inference thereof to be drawn from the uncontroverted facts. *Gaines v. Northern Pac. R. Co., supra; Wood v. Seattle, supra; Preston v. Duncan, supra.*[8] If relator fails to do this, a genuine issue as to a material fact is presented and a trial on the merits is required. *Gaines v. Northern Pac. R. Co., supra; Wood v. Seattle, supra.*

The uncontradicted facts raise a reasonable inference of laches. Relator cannot overcome this by relying upon his answers to the state's interrogatories. The contentions contained therein are met by the controverting affidavits of Mr. O'Brien and the state personnel director.

■ Facts asserted by the nonmoving party and supported by affidavits or any other proper evidentiary material must be taken as true.[9] It is not the function of the

Supp. 397 (1949). This was an action for specific performance of a contract. The defendant had pleaded parol rescission. In denying the plaintiff's motion for summary judgment, the court said: "Upon the trial of this cause, the defendant, of course, will have the burden of establishing his defense of a parol rescission. But upon a motion for summary judgment, the plaintiff, as the moving party, has the burden of showing the absence of a genuine issue of material fact, . . . With respect to the existence of the facts grounding a parol rescission, it cannot be said that the plaintiff has met his burden. . . ."

[7]From approximately February 28, 1957, when the original protests were made to Mr. Bond's immediate superior, until November 19, 1959, when the mandamus action was filed.

[8]See footnote 6, *supra.*

[9]3 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 1235, p. 138 *et seq.*

trial court to resolve existing factual issues. *Jolly v. Fossum, supra.*

The judgment must be reversed and the summary judgment set aside. The case is remanded for trial on the merits. In so doing, we intimate no view on the merits of the action.

, OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.