
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SCOTT LARSON dba MASTER MECHANICS, | ) ) ) | No. 37214-6-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| E.A. TOWING, a foreign business entity, and ELIAS ARANA, an individual, | ) ) ) | |
| Appellants. | ) ) | |

SIDDOWAY, J. — E.A. Towing and Elias Arana (collectively E.A. Towing) appeal

an order granting summary judgment in this action to collect amounts owed under a

written contract. E.A. Towing offered parol evidence in an effort to demonstrate a

genuine issue of fact requiring trial.

The parol evidence was properly disregarded. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Beginning sometime in 2018, E.A. Towing, a sole proprietorship, began relying on

Scott Larson, doing business as Master Mechanics, to perform inspections and repairs of

its trucks. Initially, estimates were provided to E.A. Towing at the start of performing the

inspections and repairs. Before long, however, E.A. Towing had drivers drop off the

trucks after hours with a list of repairs they wanted done. After repairs were complete, Master Mechanics would e-mail an invoice to E.A. Towing with a request to review and reply or call with any questions. None of the invoices were challenged.

As of January 29, 2019, E.A. Towing's invoices outstanding totaled $29,087.94 and Master Mechanics, exercising lien rights, was holding three of E.A. Towing's trucks. The parties reached an agreement, reduced to writing and signed, under which E.A. Towing would deliver a check in the amount of $10,169.46 that day, and after application of a check for $1,746.61 that E.A. Towing represented was mailed several days earlier, the balance remaining would be $12,401.55. E.A. Towing would release the three trucks it was holding. The term germane to this appeal was payment of the balance remaining; the agreement provided:

> The remaining balance owed to MASTER MECHANICS will be paid as agreed ( NET 30 from the invoice dates)

| | |
|---|---|
| Balance as of 1/29/2019 | $29,087.94 |
| Check #1609 applied to balance | - 2,763.24 |
| | $26,324.70 |
| Check #4624 applied to balance | - 2007.08 |
| | $24,317.62 |
| Check #2012 | - 1,746.61 |
| (This check is in the mail and has not been received) | $22,571.01 |
| Today's check #14259 to be received | -10,169.46 |
| TOTAL REMAINING BALANCE | $12,401.55 |

> (to be paid NET 30 from invoice dates)
> The check #14259 for the amount of $10,169.46 will be used to pay past due invoices: 290, 293, 294, 315, 319, 325, 326
> And current invoices 1057, 1075 and 1058.

Clerk's Papers (CP) at 30. The agreement was signed by Mr. Larson and Luciana Arana, the office manager for E.A. Towing.

Ms. Arana e-mailed the signed agreement to Master Mechanics on January 30

with the following message:

> Scott Here is the signed agreement Mike will drop off the check of
> $10169.46 and pick up 9 and 10 the rest of the invoices will be paid
> according to their dates (30 days) and we have all invoices in our
> possession revised by yourself and I [sic] left with a total of $12401.55

CP at 29.

The $1,746.61 check was received in the mail, the payment of $10,169.46 was

delivered, and the three trucks being held by Master Mechanics were released.  But the

$12,401.55 was not paid.

On April 18, 2019, Mr. Larson filed the action below.  Among affirmative

defenses asserted in E.A. Towing's answer were that the agreement was not supported by

consideration, that there was no meeting of the minds, and "lack of obligation"—that

E.A. Towing "had payed [sic] or questions validity of invoiced amounts."  CP at 9

(underlining omitted).

Mr. Larson moved for summary judgment, supported by his declaration to which

were attached (among other exhibits) copies of the signed agreement and Ms. Arana's

confirmatory e-mail.

E.A. Towing responded to the motion by arguing that "material facts are in dispute

as to previously invoiced payments, which Plaintiff has failed to credit to the alleged

balance of Defendant's account."  CP at 40.  A supporting declaration of Mr. Arana

disputed the amount paid, amount owed, and work authorized in the invoices relied on for

the $12,401.55 balance. His declaration also stated:

> I also would like to address the issue of the contract that was signed by a member of my company. The sole reason that the contract was signed was that the plaintiff threatened to keep my trucks from me which would have been devastating to my business. Although they did not agree nor did they have enough time to review all of the 71 invoices to make an informed decision they signed strictly for the sole purpose of getting the trucks back to run the business. In other words under duress or coercion as plaintiff would not discuss any issues we had with the billing. After further review of the 71 invoices we realized that 27 of those invoices were for January and at that point we realized that we did not believe it was possible for all this work to have been done within the time periods alleged.
>
> . . . I also would like to state that check number 14259 for 10,169.46 was issued not because we agreed with the amount of the invoices but because plaintiff would only release the trucks if he received that check.

CP at 45. Approximately 100 pages of checks, invoices, screenshots of text messages,

and written requests for repairs were attached as exhibits to the declaration.

In reply, Mr. Larson noted the absence of any legal authority or analysis provided

by E.A. Towing's response. He submitted a second declaration in which he testified, "I

never refused to discuss any invoice with defendant because defendant never questioned

any invoice submitted for approval," and that he had received no "complaints or disputes

regarding our invoices . . . until I filed this lawsuit." CP at 256.

The trial court granted summary judgment to Mr. Larson. It entered judgment in

the amount of $18,620.77, which included prejudgment interest and attorney fees and

costs. E.A. Towing appeals.

ANALYSIS

The purpose of summary judgment is to "avoid a useless trial when there is no genuine issue of any material fact." *LaPlante v. State*, 85 Wn.2d 154, 158, 531 P.2d 299 (1975). The moving party bears the burden of proving by uncontroverted facts that no genuine issue of fact exists. *See Regan v. City of Seattle*, 76 Wn.2d 501, 503, 458 P.2d 12 (1969); *Hughes v. Chehalis Sch. Dist. No. 302*, 61 Wn.2d 222, 224, 377 P.2d 642 (1963). Once the moving party meets its initial burden of proof, the burden then shifts to the nonmoving party to show a genuine issue of fact exists. *See Hughes*, 61 Wn.2d at 224. The adverse party may not rest on mere allegations in the pleadings but must set forth specific facts showing that there is a genuine issue for trial. *W. G. Platts, Inc. v. Platts*, 73 Wn.2d 434, 442, 438 P.2d 867 (1968). Summary judgment shall be granted if the pleadings and materials submitted show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

We review the grant of a motion for summary judgment de novo. *Keck v. Collins*, 181 Wn. App. 67, 78, 325 P.3d 306 (2014). All facts and reasonable inferences from the facts are construed in the light most favorable to the nonmoving party. *Id.* at 79.

E.A. Towing contends that summary judgment was improper in light of Mr. Arana's challenges to some of the invoices on which the parties' January 2019 written agreement was based. But the "remaining balance" that E.A. Towing agreed to pay "NET 30 from the invoice dates" was a fixed dollar amount: "$12,401.55." CP at 30.

Under the parol evidence rule, "parol or extrinsic evidence is not admissible to add to, subtract from, vary, or contradict written instruments which are contractual in nature and which are valid, complete, unambiguous, and not affected by accident, fraud, or mistake." *Buyken v. Ertner*, 33 Wn.2d 334, 341, 205 P.2d 628 (1949). The rule is not a rule of evidence, but a rule of substantive law. *Id.* at 342 (citing *Andersonian Inv. Co. v. Wade*, 108 Wash. 373, 184 P. 327 (1919)). The rule operates by merging all conversations and parol agreements into their written agreement, so that they "'cannot be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that expressed in the written agreement.'" *Id.* (quoting *McGregor v. First Farmers-Merchants Bank & Tr. Co.*, 180 Wash. 440, 40 P.2d 144 (1935).

E.A. Towing argues that the trial court confused concepts of negotiability with contract law, and cites *Vancouver National Bank v. Katz*, for its observation that even as between the maker and the payee, a promissory note

> is but a simple contract to pay money. It is obligatory only on the same terms and conditions that other simple contracts of a like purport are obligatory. It may be defended against for want of consideration, for fraud and deceit, and for any of the other causes *which will avoid simple contracts.*

142 Wash. 306, 313, 252 P. 934 (1927) (emphasis added).[1] But the factual disputes raised in Mr. Arana's declaration opposing summary judgment are that the underlying

---

[1] *Katz* did not involve collection from the note maker by the payee, so this discussion is dicta. At issue in *Katz* was collection action from third parties alleged to be

6

invoices do not support a "remaining balance" of $12,401.55—something directly contradicting the written agreement—and are classic parol evidence. They cannot be admitted in evidence to establish a liability different from the $12,401.55 liability set forth in the signed agreement.

In its reply brief, E.A. Towing tries to characterize Mr. Arana's declaration as presenting evidence of "want of consideration." Reply Br. of Appellants at 1. Whether adequate consideration existed to support a contract is a question of law that can be decided on summary judgment. *E.g.*, *Emberson v. Hartley*, 52 Wn. App. 597, 600, 762 P.2d 364 (1988). Consideration is "'any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange.'" *Labriola v. Pollard Grp., Inc.*, 152 Wn.2d 828, 833, 100 P.3d 791 (2004) (quoting *King v. Riveland*, 125 Wn.2d 500, 505, 886 P.2d 160 (1994)). Mr. Arana does not dispute that Master Mechanics released the three trucks it was holding as leverage to collect amounts it had invoiced as owed, whether or not Mr. Arana agrees that the entire amount was owed. As a matter of law, the consideration was legally sufficient.

*Request for reasonable attorney fees*

Mr. Larson requests an award of reasonable attorney fees and expenses on appeal under RAP 18.1(d) and RCW 46.71.035. RAP 18.1 permits recovery of reasonable

in partnership with the maker, so, as the court explains, the parol evidence rule did not apply. *See* 142 Wash. at 313-14.

No. 37214-6-III
*Larson v. E.A. Towing, et al.*

attorney fees or expenses on review if applicable law grants that right. Under RCW

46.71.035, in an action to recover for automotive repairs, the prevailing party may, in the

discretion of the court, recover the costs of the action and reasonable attorney fees. We

award Mr. Larson his reasonable attorney fees and costs on appeal subject to his timely

compliance with RAP 18.1(d).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Staab, J.